1

**PORTER | SCOTT**

2

A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621

3

Barakah M. Amaral, SBN 298726
350 University Avenue, Suite 200

4

Sacramento, California 95825
TEL: 916.929.1481

5

FAX: 916.927.3706

6

Attorneys for Defendant

7

OLIVIA ZARATE (employee of Merced City School District)
***Exempt from Filing Fees Pursuant to Government Code § 6103***

8

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

10

11

REGINA SCHINDLER, an individual,
DUWAYNE C., a minor, by and through his

12

guardian ad litem REGINA SCHINDLER,

13

　　　　　Plaintiffs,

14

v.

15

16

MERCED CITY SCHOOL DISTRICT,
operating as CHARLES WRIGHT

17

ELEMENTARY SCHOOL; OLIVIA ZARATE,
an individual employee; KEN COOPER, an

18

individual employee; VERONICA VILLA, an
individual employee; BRIAN MEISENHEIMER,

19

an individual employee, DOUG COLLINS, and
DOES 1 through 50, inclusive.

20

21

　　　　　Defendants.

22

_____/

Case No. _____

[Merced County Superior Court Case No. 18CV-02595]

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION JURISDICTION)**

Complaint Filed:  06/27/18

23

24

　　**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT**

**OF CALIFORNIA:**

25

26

　　**PLEASE TAKE NOTICE** that Defendant OLIVIA ZARATE ("Defendant ZARATE") hereby

removes the above-captioned action from the Superior Court of the State of California, Merced County,

27

to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1331,

28

1

{02048080.DOCX}

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION JURISDICTION)

1441, and 1446.  This action is a civil action over which this Court has original jurisdiction based on the general federal question jurisdiction pursuant to 28 U.S.C. §1331, and is one that may be removed to the Court by Defendant ZARATE pursuant to 28 U.S.C. §1441(a). In support of the Notice of Removal of Civil Action, Defendant ZARATE states:

**I.**

**STATUS OF THE PLEADINGS**

1.      On or about June 27 2018, Plaintiffs REGINA SCHINDLER, an individual and DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER ("Plaintiffs") commenced an action in the Superior Court of the State of California, Merced County, *REGINA SCHINDLER, an individual, DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER. v. MERCED CITY SCHOOL DISTRICT, operating as CHARLES WRIGHT ELEMENTARY SCHOOL; OLIVIA ZARATE, an individual employee; KEN COOPER, an individual employee; VERONICA VILLA, an individual employee; BRIAN MEISENHEIMER, an individual employee, DOUG COLLINS, and DOES 1 through 50, inclusive*, Case No. 18CV-02595, alleging a variety of claims, including federal claims for relief under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.

2.      The first date upon which Defendant ZARATE was served with a copy of the Complaint was August 5, 2019.  True and correct copies of the documents served upon Defendant on that date, including the Summons, Complaint, Civil Cover Sheet, Alternative Dispute Resolution Information Guide, Notice of Case Management Statement and Application and Order for Appointment of Guardian Ad Litem - Civil are attached hereto as **Exhibits A – F**, respectively.  Declaration of Barakah M. Amaral ("Amaral Decl."), ⁋2. **Exhibits A – F** (and attachments thereto) comprise all copies of process, pleadings, and orders served upon Defendant ZARATE in the state court action and are being filed with this Notice as required by 28 U.S.C. §1446(a).

3. The only pleadings or orders filed in Merced County Superior Court, Case No. 18CV-02595, of which removing Defendant is aware are:

///

2

{02048080.DOCX}

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION JURISDICTION)

1   • Summons (attached as **Exhibit A**);

2   • Complaint (attached as **Exhibit B**);

3   • Civil Cover Sheet (attached as **Exhibit C**);

4   • Alternative Dispute Resolution Information Guide (attached as **Exhibit D**);

5   • Notice of Case Management Conference (attached as **Exhibit E**);

6   • Application and Order for Appointment of Guardian Ad Litem - Civil (attached as
7   **Exhibit F**);

8   • Notice of Change of Firm Address (attached as **Exhibit G**);

9   • Merced City School District Operating as Charles Wright Elementary, Ken Cooper,
10   Veronica Villa, Doug Collins and Brian Meisenheimer's Answer to Plaintiff's Complaint
11   for Damages  (attached as **Exhibit H**);

12   • Case Management Statement (attached as **Exhibit I**);

13   • Notice of Deposit of Jury Fees (attached as **Exhibit J**);

14   • Case Management Statement (attached as **Exhibit K**);

15   • Merced City School District Operating as Charles Wright Elementary, Ken Cooper,
16   Veronica Villa, Doug Collins and Brian Meisenheimer's Notice of Deposit of Jury Fees
17   (attached as **Exhibit L**);

18   • Case Management Conference Findings and Order (attached as **Exhibit M**);

19   • Notice of Document Return (attached as **Exhibit N**);

20   • Document Return Form (attached as **Exhibit O**);

21   • Case Management Statement (attached as **Exhibit P**);

22   • Case Management Statement (attached as **Exhibit Q**);

23   • Case Management Conference Findings and Order (attached as **Exhibit R**);

24   • Case Management Statement (attached as **Exhibit S**); and

25   • Case Management Statement (attached as **Exhibit T**);

26   • Defendant Zarate's Answer to Plaintiffs' Complaint for Damages (attached as **Exhibit U**);

27   Amaral Decl. ¶¶2 and 3.

28

3

{02048080.DOCX}

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION
JURISDICTION)

4.     On August 26, 2019, Defendant OLIVIA ZARATE filed and served an Answer to Plaintiffs' Complaint.  A true and correct copy of Defendant ZARATE's Answer is attached hereto as **Exhibit U**. Amaral Decl. ¶4.

4.     This Notice to Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. §1446(b), which provides that such Notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."

### II.

### BASIS FOR FEDERAL QUESTION JURISDICTION

5.     The Complaint alleges a federal law claim for relief under 42 U.S.C. § 1983, meaning the United States District Court for the Eastern District has original jurisdiction under 28 U.S.C. § 1331, and, therefore, the case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.

### VENUE

6.     Venue is proper in this District because this District includes the Merced County Superior Court, the forum in which the removed action was pending.  In addition, Defendant is located in this judicial District and all alleged acts identified in the Complaint occurred within this District.  28 U.S.C. § 1391(b).

### IV.

### DEFENDANTS AND DOES

7.     Defendant ZARATE is informed that service was previously effectuated on the following named Defendants: MERCED CITY SCHOOL DISTRICT, KEN COOPER, VERONICA VILLA, BRIAN MEISENHEIMER, DOUG COLLINS and that those Defendants have previously filed and served an Answer to Plaintiffs' Complaint. A true and correct copy of Defendants MERCED CITY SCHOOL DISTRICT, KEN COOPER, VERONICA VILLA, BRIAN MEISENHEIMER, DOUG COLLINS's filed and served Answer is attached hereto as **Exhibit H**.

4

8.      Defendants MERCED CITY SCHOOL DISTRICT, KEN COOPER, VERONICA VILLA, BRIAN MEISENHEIMER, DOUG COLLINS, through their counsel, James Weakley, consent to and join in this Notice of Removal.  See Declaration of James Weakley in Support of Defendant ZARATE's Notice of Removal, attached hereto as **Exhibit V**.

10.     Defendant ZARATE is informed and believes that none of the DOE Defendants in this case have been identified or served.  Doe Defendants are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal.  28 U.S.C. § 1441.  Given that Defendant ZARATE is not aware if any other named Defendant or DOE Defendant has been served with Plaintiffs' Complaint, Defendant ZARATE is unable to obtain consent from other named Defendants.

**V.**

**NOTICE OF REMOVAL**

11.     Defendant ZARATE will promptly file a Notice of this Removal with the Clerk of the Merced County Superior Court and serve the Notice on all parties who have appeared in the action.

12.     Defendant ZARATE will provide all adverse parties notice as required under 28 U.S.C. § 1446(d) and file a copy of said notice.

13.     Based on the foregoing, this Court has jurisdiction over this action. Accordingly, this action is properly removed.

14.     This Notice is submitted in accordance with 28 U.S.C. § 1446(a) and is signed pursuant to Federal Rule of Civil Procedure 11.

**VI.**

**CONCLUSION AND REQUESTED RELIEF**

15.     WHEREFORE, pursuant to 28 U.S.C. § 1441(a), Defendant ZARATE removes this case from the Superior Court of the State of California in and for the County of Merced to this Court. Accordingly, Defendant ZARATE respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

///

{02048080.DOCX}
NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION JURISDICTION)

Dated:  August 29, 2019

PORTER SCOTT
A PROFESSIONAL CORPORATION


By   */s/ Derek J. Haynes*
    Derek J. Haynes
    Barakah M. Amaral
    Attorneys for Defendant OLIVIA ZARATE

{02048080.DOCX}
NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION JURISDICTION)

# EXHIBIT A

This e-copy is the official court record (GC68150)

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties attached form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

REGINA SCHINDLER, an individual, DUWAYNE C., a minor, by and
through his guardian ad litem REGINA SCHINDLER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Merced Superior Court
6/27/2018 1:32 PM
Linda Romero Soles
Clerk of the Superior Court
By: Elvira Cardenas, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Merced
627 W. 21 Street, Merced, CA 95340

CASE NUMBER:
*(Número del Caso):* 18CV-02595

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Micha Star Liberty, Esq., Liberty Law, 1970 Broadway, Suite 700, Oakland, CA 94612, (510) 645-1000

DATE: 6/27/2018          Linda Romero-Soles    Clerk, by _____Elvira Cardenas_____, Deputy
*(Fecha)*                                       *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Regina Schindler, et al., v. Merced City School District, et al. | |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MERCED CTY SCHOOL DISTRICT, operating as CHARLES WRIGHT ELEMENTARY SCHOOL; OLIVIA ZARATE, an individual employee; KEN COOPER, an individual employee; VERONICA VILLA, an individual employee; BRIAN MEISENHEIMER, an individual employee; DOUG COLLINS, and DOES 1 through 50, inclusive

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**
Page 1 of 1

*This e-copy is the official court record (GC68150)*

# EXHIBIT B

This e-copy is the official court record (GC68150)

FILED
Merced Superior Court
6/27/2018 1:32 PM
Linda Romero Soles
Clerk of the Superior Court
By: Elvira Cardenas, Deputy

Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Telephone: (510) 645-1000
Facsimile: (888) 645-2008
E-mail: team@libertylaw.com

Attorney for *Plaintiffs*

## IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF MERCED

REGINA SCHINDLER, an individual,
DUWAYNE C., a minor, by and through his
guardian ad litem REGINA SCHINDLER

        Plaintiffs,

    v.

MERCED CITY SCHOOL DISTRICT,
operating as CHARLES WRIGHT
ELEMENTARY SCHOOL; OLIVIA ZARATE,
an individual employee; KEN COOPER, an
individual employee; VERONICA VILLA, an
individual employee; BRIAN
MEISENHEIMER, an individual employee;
DOUG COLLINS, and DOES 1 through 50,
inclusive

        Defendants.

Case No. 18CV-02595

**COMPLAINT FOR DAMGES**

1. Negligence
2. Negligent Hiring, Supervision, Or Retention of Employee
3. Intentional Infliction of Emotional Distress
4. Negligent Infliction of Emotional Distress
5. Violation of Unruh Civil Rights Act
6. Violation of California Education Code Section 200 et seq.
7. Battery
8. Violation of Mandatory Duty
9. Violation of the Bane Act
10. Violation of Constitutional Rights, 42 U.S.C. § 1983
11. Discrimination in Violation of the Americans With Disabilities Act, USCA §§ 12101
12. Violation of The Rehabilitation Act of 1973, 29 U.S.C. § 504

**[UNLIMITED JURISDICTION DAMAGES IN EXCESS OF $25,000]**

- 1 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

## GENERAL ALLEGATIONS

1.      The entirety of this complaint is pled on information and belief that each allegation contained herein is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## THE PARTIES

2.      Plaintiff, REGINA SCHINDLER ("SCHINDLER") is a resident of the County of Merced, State of California, and is domiciled in and a citizen of the State of California.  She brings this action on her own behalf and as guardian ad litem on behalf of her son DUWAYNE C.

3.      Plaintiff, DUWAYNE C. is a resident of the County of Merced, State of California, and is domiciled in and a citizen of the State of California. To protect his privacy he has been identified herein as "DUWAYNE C." At the time of the events underlying these causes of action, DUWAYNE C. was a special education student entrusted to the care of Defendant MERCED CITY SCHOOL DISTRICT ("MCSD" or "District") at CHARLES WRIGHT ELEMENTARY SCHOOL ("CWES").

4.      At the time of commencement of this action, and at all times of the events underlying these causes of action, Plaintiff, DUWAYNE C. was and is a minor.

5.      Plaintiff SCHINDLER filed an Application and Order for Appointment of Guardian Ad Litem requesting that she, as his mother, be appointed as DUWAYNE C.'s Guardian Ad Litem in the Merced Superior Court of California.  The Application was filed contemporaneously with the Complaint.

6.      At all times herein, mentioned Defendant MCSD operating as CWES was a public entity within the meaning of Cal. Gov. Code §811.2, 900 *et seq*. duly incorporated and operating under California law as a school district. MCSD has the responsibility of providing DUWAYNE C. with full and equal access to a public education in compliance with federal and state laws and regulations, including those pertaining to the use of force and restraint.

7.      At all times herein mentioned Defendant OLIVIA ZARATE ("ZARATE") was an employee of the MCSD as a teacher at CWES, located in Merced, in the County of Merced, State of

This e-copy is the official court record (GC68150)

California. On information and belief, ZARATE's responsibilities included providing the structure and consistency that would enable a child with disabilities such as DUWAYNE C. to access an appropriate education and progress educationally as well as emotionally and behaviorally. All actions alleged herein by ZAARTE were taken under color of state law and in course and scope of her employment with MCSD.

8.    At all times herein, mentioned Defendant KEN COOPER ("COOPER") was an employee of the MCSD, Principal at CWES, located in Merced, in the County of Merced, State of California. Based on information and belief, COOPER was responsible for the hiring, training and supervision of District staff. On information and belief, he was also responsible for ensuring compliance with state and federal laws pertaining to behavior interventions, supervision and training.  All actions alleged herein by COOPER were taken under color of state law and in course and scope of his employment with MCSD.

9.    At all times herein mentioned Defendant VERONICA VILLA ("VILLA"), was an employee of the MCSD, Vice Principal and Learning Director of CWES located in Merced, in the County of Merced, State of California. On information and belief, VILLA was responsible for providing assistance with day-to-day school operations as well as to provide training and support to District and school site personnel. All actions alleged herein by VILLA were taken under color of state law and in course and scope of her employment.

10.    At all times herein mentioned Defendant BRIAN MEISENHEIMER ("MEISENHEIMER"), was an employee and Director of Pupil Services for MCSD, located in Merced, in the County of Merced, State of California. On information and belief, MEISENHEIMER was responsible for providing training and support to District and school site personnel to assist them in their efforts to be in compliance with legal requirements as they pertain to topics and situations within the scope of pupil services.  All actions alleged herein by MEISENHEIMER were taken under color of state law and in course and scope of his employment.

11.    At all times herein mentioned Defendant DOUG COLLINS ("COLLINS"), was an employee and Superintendent of the MCSD, located in Merced, in the County of Merced, State of California. On information and belief, COLLINS was responsible for the hiring, training and

This e-copy is the official court record (GC68150)

1    supervision of District staff. On information and belief, he was also responsible for ensuring

2    compliance with state and federal laws pertaining to behavior interventions, supervision and

3    training. All actions alleged herein by COLLINS were taken under color of state law and in the

4    course and scope of his employment with MCSD.

5         12.    The true names and capacities, whether individual, corporate, partnership, joint

6    venture, or otherwise of Defendants DOES 1 through 50 inclusive, are unknown to Plaintiffs who

7    therefore sue Defendants by such fictitious names. When the true names and capacities of DOES 1

8    through 50 are ascertained, Plaintiffs will amend this complaint by inserting their true names and

9    capacities herein.

10         13.    Plaintiffs are informed and believe and on that basis allege that each of the named

11    Defendants and each of the fictitiously named Defendants are legally responsible in some manner

12    for the occurrences herein alleged, and that the injuries as alleged herein were proximately and

13    legally caused by the acts and/or omissions of such Defendants.

14         14.    Plaintiffs further are informed and believe and on that basis allege that each named

15    Defendant and each of the fictitiously named Defendants was the agent, servant, employee, or joint

16    venturer of each of the remaining Defendants and were at all times acting within the course and

17    scope of said agency, service, employment, and/or joint venture, and each defendant has ratified and

18    approved the act of each other defendant.

19         15.    Plaintiff hereby alleges that DOES 1- 50 at all relevant times were employees of

20    MCSD acting within the course and scope of employment with MCSD at the time of the events that

21    form the basis of this complaint. Plaintiffs are informed and believe and thereon allege that

22    Plaintiffs were owed a duty by each of said fictitiously named Defendants, and that the injuries

23    herein alleged arose out of and were proximately caused by the breach by Defendants DOES 1

24    through 50 of that duty. Pursuant to California Government Code §§ 815.2 and 820, MCSD is liable

25    for the acts and omissions of employees within the course and scope of employment. (*Dailey v. Los*

26    *Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747 ["[A] school district is vicariously liable for

27    injuries proximately caused by [the] negligence" of school personnel "responsible for student

28    supervision."].)

-4-
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

16.     Plaintiffs are informed and believe and on that basis allege that Defendants, and DOES 1 through 50 and each of them, were and are responsible for the acts, omissions, and occurrences causing Plaintiff's damages as hereinafter alleged.

## JURISDICTION AND VENUE

17.     The court is proper because the public entity Defendant(s) has its principal places of business in its jurisdictional area, the injury to the Plaintiff occurred in its jurisdictional area, and at least one Defendant is domiciled in its jurisdictional area.

18.     The amount in controversy is within the jurisdiction of the Superior Court, Unlimited Jurisdiction.

19.     Plaintiffs herein allege, pursuant to the California Government Code, including but not limited to Sections 820 et seq., 830 et seq., and 840 et seq., that Defendant MCSD and DOES 1 through 50 are liable to them in tort for monetary damages for personal injuries as a result of the incident which occurred at CWES, County of Merced, California, on or about May 17, 2017, through January of 2018.

## PLAINTIFFS HAVE COMPLIED WITH THE GOVERNMENT CLAIMS ACT

20.     On or about November 16, 2017, Plaintiffs presented written government claims on behalf of Plaintiffs SCHINDLER and DUWAYNE C. to Defendant MCSD for the injuries, losses, and damages they suffered because of the occurrences described herein, pursuant to Government Code sections 900 through 915.4.

21.     On November 22, 2017, MCSD notified Plaintiffs that the claims submitted on or about November 16, 2017, were in need of additional information and an extension of time was granted.

22.     On or about December 4, 2017, Plaintiffs presented amended written claims to MCSD for the injuries, losses, and damages they suffered because of the occurrences described herein, pursuant to Government Code sections 900 through 915.4.

23.     On or about January 7, 2018, Defendant MCSD notified Plaintiffs that their amended

- 5 -

This e-copy is the official court record (GC68150)

claims presented on or about December 4, 2017, were rejected on December 30, 2017 by operation of law.

24.     This action is filed timely in conformity with the period provided by the California Government Code sections 900 through 915.4.

25.     Therefore, Plaintiffs have complied with the Government Claims Act.

## FACTS COMMON TO ALL COUNTS

26.     Plaintiff DUWAYNE C. was born on June 2, 2010.  Plaintiff SCHINDLER is his mother.

27.     Plaintiff DUWAYNE C. has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and Post-Traumatic Stress Disorder ("PTSD").

28.     At all times relevant to the allegations herein, DUWAYNE C. was a special education student at CWES and entrusted to the care of Defendants.  Because of DUWAYNE C's disabilities, he was made eligible for special education services and supports pursuant to the Individual with Disabilities Education Act. ("IDEA"), 20 U.S.C. §§ 1401 et seq.

29.     During the 2016/2017 school year, Plaintiff was a student assigned by the MCSD to the classroom of ZARATE at CWES.

30.     On information and belief, during the 2016/2017 school year at CWES, Plaintiff and other special needs students were subjected to physical, psychological and verbal abuse by ZARATE.

31.     On information and belief, DUWAYNE C. directly experienced abuse on repeated occasions and also observed other students being physically, psychologically, and verbally abused on a regular basis.

32.     On information and belief, DUWAYNE C. and other students who were abused by ZARATE were singled out due to their level of disability and/or their disability-related behaviors.

### Defendants' Violation of District Policies and State Law

33.     State law mandates that school districts must provide training to staff regarding the

- 6 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

use of physical and mechanical restraint to ensure the safety of pupils in their care. Cal. Ed. Code § 56520, *et seq*. Any incident involving an "aversive intervention" must be reported to the board of trustees of the school district not later than 24 hours after the incident occurred, or as soon thereafter as it is discovered. Cal. Ed. Code § 56520, *et seq*.

34.     The California Education Code requires that a parent or guardian be notified within one school day if an emergency intervention is used. Additionally, if a physical restraint or aversive intervention has been used on a student, a behavioral emergency report is to be completed immediately and maintained in the file of a student. Cal. Ed. Code § 56521.1.

35.     Additionally, a designated administrator is required to schedule an individualized education program (IEP) team meeting within two days of a behavioral emergency incident to review the incident report, when incidents involve students who do not have behavioral intervention plans. Cal. Ed. Code § 56521.1.

36.     On information and belief, Defendants and MCSD repeatedly failed to comply with state law and school policy regarding the prompt documentation of the use and nature of aversive interventions in DUWAYNE C.'s cumulative record. Further, on information and belief, Defendants and the District repeatedly failed to report in a timely manner the use of aversive interventions to the minor plaintiff's parents.

37.     On information and belief, MCSD employees and other unknown District administrators were aware of the improper and abusive interactions of ZARATE with her special needs students at CWES, but they failed to take action to intervene to protect the children in their care and/or to report the abuse to law enforcement or to students' parents.

38.     On information and belief, ZARATE's abusive conduct towards DUWAYNE C. and other special needs students at CWES was open and obvious and VILLA, COOPER, COLLINS and other MCSD employees knew or should have known.

39.     On information and belief, Plaintiffs allege that VILLA, COOPER and other MCSD employees knew that DUWAYNE C. was abused by ZARATE and concealed this information from SCHINDLER, and the later discovery of what her son went through caused SCHINDLER severe emotional distress.

This e-copy is the official court record (GC68150)

40.     VILLA, COOPER, COLLINS and other MCSD employees, were each at all times relevant to the allegations herein, mandatory reporters as defined by Penal Code § 11165.7.

41.     At the relevant times hereto, DUWAYNE C.'s behavior did not rise to the level of an emergency of serious or imminent threat of harm to himself or others that would justify using physical force against him or restraining his freedom of movement.

### Assault and Concealment

42.     Kassandra Castillo was a substitute instructional aide employed by the MCSD.

43.     Ms. Castillo was assigned to work in ZARATE's classroom as a substitute aide on May 17, 18, and 19, 2017.

44.     During that time, Ms. Castillo witnessed ZARATE:

   a.   Belittle the students in the classroom, including, verbally abusing them by telling them that they were worthless, that their parents would be mad about their work, and that they were bad humans.

   b.   Hit DUWAYNE C. and another student with an open hand in the head.

   c.   Forcibly jerk DUWAYNE C. and other students in the direction she wanted them to go.

   d.   Push a student from a chair onto the floor, forcing him to sit under a table.

45.     Ms. Castillo witnessed the students, including DUWAYNE C. cry out in pain, and beg ZARATE to stop hurting them.

46.     On May 17, 2017, while Ms. Castillo was assigned to work in ZARATE's classroom she witnessed ZARATE forcefully drag DUWANYE C. across the classroom floor because he was no longer interested in an activity.

47.     DUWYANE C.'s decision to stop coloring angered ZARATE who, without warning, physically assaulted DUWAYNE C. by grabbing him from the scruff of his neck, dragging him from one table to the other, hit him and shoved him under a table.

48.     While ZARATE assaulted DUWAYNE C., classroom aide, Kassandra Castillo, who was shocked by the actions of ZARATE, pulled out her cell phone and recorded the incident.

This e-copy is the official court record (GC68150)

49.    Ms. Castillo contemporaneously reported ZARATE's conduct to CWES Principal COOPER, and CWES Vice Principal and Learning Director VILLA, and showed the video of ZARATE physically assaulting DUWAYNE C.

50.    COOPER and VILLA instructed Ms. Castillo to immediately delete the video she had of the abuse.

51.    COOPER and VILLA told Ms. Castillo that her recording was illegal and that she would be in trouble if she did not delete it.

52.    At the direction of COOPER and VILLA, Ms. Castillo deleted the recording.

53.    Ms. Castillo prepared a written statement about the incident she witnessed and submitted it to COOPER.

54.    COOPER informed Ms. Castillo that the police and Child Protective Services would be in contact with her to discuss the incident.

55.    Ms. Castillo was not contacted by law enforcement or Child Protective Services following her meeting about the incident with Defendants COOPER and VILLA on May 17, 2017.

56.    COOPER and VILLA failed to notify law enforcement of Ms. Castillo's report of abuse by ZARATE against DUWAYNE C. on May 17, 2017, as dictated by Penal Code Section 11166.

57.    COOPER and VILLA did not notify Plaintiff's mother regarding the reported abuse of her son by ZARATE on May 17, 2017.

58.    COOPER and VILLA did not conduct an investigation into the incident following Ms. Castillo's report.

59.    On information and belief not one MCSD administrator interviewed ZARATE or any other classroom aide or staff member who was present in the classroom on May 17, 2017.

60.    On information and belief, MCSD and its employees were aware that ZARATE was abusing her disabled students in this class and were further aware that the children would experience physical and psychological harm as a result.

61.    Due to the failure of MCSD, COOPER and VILLA to report ZARATE's abuse, the full extent of the abuse suffered by Plaintiff on other dates is not known to Plaintiffs.

- 9 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

62.    DUWAYNE C.'s behavior deteriorated dramatically during his time in ZARATE'S class.   He began exhibiting new and increased behaviors including, anger and irritability, nervousness, difficulty concentrating, crying, yelling at his mother and his sister, and throwing objects.

63.    Since the May 17, 2017, assault by ZARATE, DUWYNE C.'s anxiety and fear relating to school has increased in intensity and severity. His school refusal behaviors include running from his mother, not putting shoes on, and refusing to get in the car; causing SCHINDLER to have to physically put him in the car to get him to school.

64.    SCHINDLER became concerned about DUWAYNE C.'s uncharacteristic behavior but at the time she had no information regarding what was causing these behavioral changes.

65.    It wasn't until a video recording of ZARATE abusing DUWAYNE C. was shown to SCHINDLER that she became aware of the fact her son was being abused at school.

66.    Since leaving ZARATE'S classroom, DUWAYNE C. has experienced changes in his sleep patterns, including, suffering from nightmares about his teachers every other night.

67.    The full extent and duration of the abuse suffered by DUWAYNE C. is unknown to Plaintiffs at this time.

68.    On or about July 2, 2017, SCHINDLER was approached by a stranger who overheard her talking and asked if her son was a student at CWES. Later that day, SCHINDLER was approached again and told there were videos ZARATE abusing DUWANE C. at school.

69.    SCHINDLER watched the videos and became extremely upset that she had to learn what happened to her son from someone other than a school official or an investigative agency.

70.    On or about August 15, 2017, SCHINDLER met with Defendant COOPER and showed him the video of ZARATE grabbing DUWAYNE C. by the neck and dragging him across the classroom floor on May 17, 2017.

71.    Defendant COOPER asked for a copy of the video and assured SCHINDLER that he would conduct an investigation.

72.    Defendant COOPER informed SCHINDLER that he had reported the incident to MCSD Superintendent COLLINS.

This e-copy is the official court record (GC68150)

73.     SCHINDLER submitted a written complaint detailing the May 17, 2017, incident on August 15, 2017.

74.     Defendant COLLINS thereafter contacted SCHINDLER and stated that he "understood the hurt and stress this was causing her family."

75.     On or about August 15, 2017 MCSD informed ZARATE that as a result of the allegations of misconduct she was being placed on administrative leave with pay pending the outcome of an investigation. At that time, ZARATE was instructed to remain off District property and to not return until authorization by Defendant COLLINS.

76.     A copy of the MCSD Notice of Final Written Decision was to be placed in ZARATE's personnel file.

77.     In August 2017, SCHINDLER contacted the Merced Police Department to file a police report related to the incident that occurred on May 17, 2017, and was informed that an incident report had already been filed by Defendant COLLINS.

78.     On August 16, 2017, Officer Jose Barajas, of the Merced Police Department took the report of abuse from Defendant COLLINS (Incident Report No. 17-00047916).

79.     Officer Barajas interviewed SCHINDLER and Kassandra Castillo about the complaint of abuse by ZARATE towards DUWAYNE C.

80.     On August 18, 2017, DUWAYNE C. was excused from school by Defendant COOPER because plaintiff was afraid to attend school.

81.     On or about August 23, 2017, DUWAYNE C. was still afraid to go to class and despite assurances from SCHINDLER that ZARATE was no longer on the campus, after SCHINDLER dropped off Plaintiff at school, DUWAYNE C. bolted from the school campus in fear.

82.     SCHINDLER caught up with COLLINS and they were joined by Defendant COOPER who had to assure DUWAYNE C. that ZARATE was not on the school campus and DUWAYNE C. did not need to be in fear of ZARATE and could safely attend school.

83.     On or about August 25, 2017, COLLINS sent a letter to the parents of CWES students informing them about staffing changes to "accommodate the needs of the students and level

- 11 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

out the classes at the same time."

84.    On or about September 1, 2017, DUWAYNE C. complained to SCHINDLER, that despite COOPER's assurances that ZARATE was not on the campus, that he had seen ZARATE during lunch and further that ZARATE approached DUWAYNE C. and called out his name in an attempt to communicate with him.

85.    DUWAYNE C. did not respond to ZARATE's attempts to gain his attention and proceeded to lunch. Later that day, during his recess hour, DUWAYNE C. observed that ZARATE was watching him.

86.    On or about September 5, 2017, Defendant COOPER again reassured SCHINDLER that ZARATE would not be on campus again with Plaintiff during the investigation into ZARATE's abuse of DUWAYNE C.

87.    On or about October 5, 2017, SCHINDLER obtained a note from Robin Argualles, F.N.P., wherein she asked that DUWAYNE C.'s absences be excused as he was fearful to return to school.

88.    On or about March 2, 2018, COLLINS sent a notification to SCHINDLER regarding DUWAYNE C.'s unexcused absences.  The notice stated that DUWAYNE C. had been absent for 30 minutes or more on at least three occasions.

89.    These absences were a direct result of DUWAYNE C.'s continuing fear of ZARATE and school following the abuse.

90.    On information and belief, DUWAYNE C. had never received notices relating to excessive absences or tardiness prior to ZARATE's abuse.

91.    On January 29, 2018, MCSD issued a Notice of Final Written Decision in relation to the Complaint filed against ZARATE.

92.    MCSD stated in its Finding of Fact that "the video recording of the May 19, 2017, incident in your classroom clearly shows you holding the back collar of [DUWAYNE C.'s] shirt with your hand and dragging him across the floor of your classroom. [DUWAYNE C.'s] bare back is partially exposed in the video due to your act of pulling up his shirt collar to drag him across the floor."

This e-copy is the official court record (GC68150)

93.   ZARATE admitted that she engaged in the conduct depicted in the video [Dragging Plaintiff DUWAYNE C. by his neck across the floor of the classroom].

94.   On information and belief, ZARATE received Crisis Intervention Training ("CPI") in January 2017.

95.   ZARATE further admitted that this was not an approved restraint method and not part of her CPI training.

96.   ZARATE, in defense of her outrageous conduct, stated that she forcefully moved DUWAYNE C. to give space between DUWAYNE C. and another child who appeared to be upset and had a red mark on his face.

97.   ZARATE admitted that she did not see DUWAYNE C. strike another child nor had any student accused DUWAYNE C. of any aggressive action.

98.   ZARATE admitted that her treatment of DUWAYNE C. was not an authorized physical restraint or a method advocated during her CPI training.

99.   ZARATE further admitted that she failed to complete a Behavior Emergency Report ("BER") to document her physical restraint of plaintiff on May 19, 2017, as required by The Merced County Special Education Local Plan Area ("SELPA").

100.   COOPER and VILLA failed to complete a BER as required by The Merced County Special Education Local Plan Area ("SELPA").

101.   COOPER and VILLA failed to notify SCHINDLER, as required under SELPA and MCSD policies.

102.   At no time during the week of the incident did MCSD, ZARATE or Kassandra Castillo inform SCHINDLER that her son was acting in an aggressive manner.

103.   Kassandra Castillo, never witnessed DUWAYNE C. act in an aggressive manner towards other children in the classroom, including on the date of the incident.

104.   MCSD concluded in its Notice of Final Written Decision that the evidence gathered during the course of its investigation showed that ZARATE did mistreat DUWAYNE C. on the date complained.

105.   At the time of the incident, Defendants MCSD, COOPER, COLLINS,

This e-copy is the official court record (GC68150)

MEISENHEIMER, VILLA and DOES 1 through 50 had knowledge that they had a legal duty to provide reasonable training, supervision, management, and retention of employees charged with the supervision of students, like DUWAYNE C.

106.    As a direct and proximate result of the incidents, Plaintiff suffered injuries and damages.  All of said injuries have caused, continue to cause, and, on information and belief, will continue to cause great mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, and emotional distress.  The full extent of Plaintiffs' damages, in an as of yet unascertained amount, exceeds the minimum jurisdiction of this Court.

107.    SCHINDLER was required to and did employ physicians and other health care providers to examine, treat, and care for DUWAYNE C., and SCHINDLER did incur medical and incidental expenses in a yet to be determined amount exceeding the minimum jurisdiction of this Court.

108.    SCHINDLER is informed and believes, and thereupon alleges, that in the future she will be required to and will employ physicians and other health care providers to examine, treat, and care for DUWAYNE C., and SCHINDLER will incur medical and incidental expenses for DUWAYNE C.'s medical care in a yet to be determined amount which exceed the minimum jurisdiction of this Court.

109.    The failure of MCSD, COOPER, and VILLA to promptly advise SCHINDLER of the abuse of her son at CWES gave rise to the severe emotional distress in that she suffered a loss of trust in school officials and felt betrayed that she did not learn what her child had experienced at the time of the injuries when she could have responded immediately with appropriate parental support and care. She was deprived of the ability to comfort her son or to provide appropriate counseling, medical and/or psychological care.

110.    Prior to July 2, 2017, SCHINDLER was unaware that her son was being subjected to abuse and/or neglect or that the MCSD was aware of the abuse, and actively concealing the abuse by failing to report it and failing to prevent it from continuing.

111.    Plaintiffs are informed and believe, and thereon allege, that none of the parents whose children were in ZARATE's class were told why she was put on administrative leave.

COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

112.   On information and belief, prior to the date of the incident, SCHINDLER was never notified by MCSD, ZARATE, VILLA, or any other MCSD employee that her son needed to be restrained.

113.   On information and belief, prior to the date of the incident, neither MCSD, ZARATE, VILLA, or any other MCSD employee ever submitted to SCHINDLER a behavior emergency report or accident report detailing any restraints used on DUWAYNE C.

114.   MCSD failed to adequately hire, supervise or train staff in classroom management, discipline and mandatory child abuse reporting responsibilities.

**Allegations Specific to MCSD Official Policies and Practices**

115.   On information and belief, MCSD had multiple "written" policies, regulations, rules, and practices which contributed to the occurrence of the incidents which gave rise to the constitutional violations in this case. Multiple persistent and widespread customs and practices of MCSD personnel also contributed to the incidents at issue in this litigation. Some of the entrenched customs and practices of MCSD at issue consist of MCSD employees' persistent failure to follow written policies, regulations, rules, or laws. These customs and practices were so widespread as to be the functional equivalent of MCSD policy.

**MCSD Policies Discourage Investigation into Reports of Abuse**

116.   On information and belief, MCSD policies and practices not only discourage investigation and follow-up after reports of abuse, Board Policy 5141.4(a) specifically instructs employees not investigate these allegations.  In conjunction with the failure of MCSD employees and administrators failure to report allegations of abuse, this policy in effect instructs MCSD administrators to not investigate abuse allegations.  Pursuant to Board Policy 5141.4(a) "Employees who are mandated reporters, as defined by law and administrative regulation; are obligated to report all known or suspected incidents of child abuse and neglect. Mandated reporters shall not

- 15 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

investigate any suspected incidents but rather shall cooperate with agencies responsible for investigating and prosecuting cases of child abuse and neglect."

### MCSD's Practices Discourage Reporting of Abuse by Employees

117.    On information and belief, MCSD supervisory personnel have a permanent and well-settled custom and practice of discouraging employees from reporting abuse of students by fellow employees. On information and belief, this custom and practice is enforced by displaying antagonism toward employees when they do report; by failing to act on the reports, thereby creating a sense of hopelessness, helplessness and demoralization in the reporting employees; and by tolerating the peer approbation displayed against employees who do report.

### MCSD Policies Threaten Disciplinary Action for Employees
### Who Disclose Abuse to Parents or Media

118.    MCSD Board Policies 4119.23(b); 4219.23; 4319.23, concerning the unauthorized release of confidential information in effect threatens disciplinary action against employee's who disclose information relating to abuse. "An employee who willfully releases confidential/privileged information about the district, students or staff shall be subject to disciplinary action. No employee shall disclose confidential information acquired in the course of his/her official duties. Confidential information includes information that is not a public record subject to disclosure under the Public Records Act, information that by law may not be disclosed, or information that may have a material financial effect on the employee."

119.    On information and belief, these policies, and the manner in which they are implemented discourage employees from reporting abusive conduct of fellow employees against students, and explicitly make it the policy of MCSD to conceal from parents of students when their children's teachers have engaged in abusive conduct toward students, even when that conduct has

- 16 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GCБ8150)

been confirmed. In its communications with the public and with individual parents, it is the policy of MCSD to venerate the privacy of abusive and allegedly abusive employees above all other concerns, including its obligations for the safety of its students, and its obligations as a public agency to provide information regarding its function to members of the public and elected officials so that proper oversight can be exercised.

### MCSD Policies Prevent Accurate Record Keeping and Appropriate District-Wide Responses

120.    MCSD Board Policy 1312.4 "encourages the early, informal resolution of complaints at the site level whenever possible". This policy, and the manner in which it is implemented, creates a decentralized system of obtaining, investigating, and resolving complaints. As a result, the individuals at the "top" of the system prevent themselves from hearing complaints, or knowing whether they were properly dealt with, thereby allowing themselves to have "plausible deniability" as to the breadth of problems within the system. Furthermore, by insisting that complaints of abuse by teachers be handled at "site level" MCSD creates a clear conflict of interest, in which the person investigating and responding to complaints has strong motivation to minimize or conceal misconduct by teachers under his or her supervision, in order to make their own job easier, by not losing staff to suspension or termination, and out of concern that the situation might reflect badly upon themselves, resulting in poor performance evaluations, and resulting negative financial consequences.

### MCSD's Practices Result in the Concealment of Student Incidents and Behavioral Interventions

121.    On information and belief, MCSD has a permanent and well-settled custom and practice of not documenting student injuries, behavioral incidents and behavioral interventions and

This e-copy is the official court record (GC68150)

not communicating such to the parents of students, thereby preventing the parents of students from having adequate information regarding their children's experiences during the school day.

### MCSD's Practices Fail to Ensure Proper Training

122.   On information and belief, MCSD has a permanent and well-settled custom and practice of failing to ensure that Special Education teachers, and teachers' assistants in Special Education classrooms had proper training to handle behavior issues in Special Education classrooms. On information and belief, current and former employees of MCSD received little or no training regarding the handling of behavioral issues.

### FIRST CAUSE OF ACTION
#### Negligence
**(Against Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, inclusive)**

123.   Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

124.   Plaintiffs allege that Defendants owed Plaintiffs a duty of care to adequately supervise Plaintiff and to place him in an appropriate educational placement that was safe and free from danger and abuse.

125.   Plaintiffs further allege that Defendants owed a duty to Plaintiff's mother to notify her of the assault perpetrated upon her child, DUWAYNE C., pursuant their special relationship to these Defendants.

126.   Plaintiffs further allege that Defendants owed a duty to Plaintiffs to anticipate the criminal acts of a third person, as such acts were reasonably foreseeable. Plaintiffs allege that the risk of harm to Plaintiff was sufficiently high, and the burden on Defendants to protect against harm was sufficiently low, so as to impose upon Defendants a duty to protect Plaintiffs.

127.   Defendants, and each of them, acting within the course and scope of employment with MCSD, and Defendant MCSD breached their duties to Plaintiffs in that they, inter alia:

- 18 -

This e-copy is the official court record (GC68150)

(a)   Failed to supervise students, including Plaintiff, at MCSD;

(b)   Provided ineffective supervision of students, including Plaintiff, at MCSD;

(c)   Failed to exercise ordinary care in supervising MCSD students, including Plaintiff;

(d)   Failed to make reasonable efforts to perform the duties imposed by Ed. Code § 44807, Cal. Ed. Code § 32260 through 32296 et seq., Cal. Ed. Code §§48900.2-48900.4 and Cal. Code Regs, tit. 5, §§ 5551 and 5552;

(e)   Failed to take steps necessary to protect students at MCSD or warn the students, including DUWAYNE C. and his parents;

(f)   Negligently trained, supervised, managed and hired employees charged with the supervision of students, including Plaintiff DUWAYNE C.;

(g)   Violated the rights of Plaintiff set forth in Cal. Const. Art 1, §28(c) Right to Safe Schools;

(h)   Failed to properly investigate assaults on DUWAYNE C. at MCSD;

(i)   Failed to discipline ZARATE;

(j)   Failed to protect student victims of assault at MCSD after the assaults, including Plaintiff;

(k)   Failed to implement and/or follow safety and security procedures and protocol;

(l)   Failed to immediately report the subject incident involving Plaintiff to the proper authorities, thereby exposing Plaintiff to additional risk of injury and attendant damages;

(m)   Failed to follow and enforce Individualized Education Plans, including those of Plaintiff;

(n)   Delayed medical treatment to DUWAYNE C.;

(o)   Failed to notify DUWAYNE C.'s parents as required by MCSD policies.

(p)   Failed to warn Plaintiffs of the risk of physical and psychological harm in ZARATE's classroom.

- 19 -

This e-copy is the official court record (GC68150)

(q)   Failed to remove DUWAYNE C. from ZARATE's classroom even after MCSD was on notice of the inappropriate, unhealthy and unsafe environment students, including DUWAYNE C., were being exposed to.

128.   The breaches of the foregoing duties by Defendants were a proximate or legal cause of Plaintiffs' injuries.

129.   The breaches of the foregoing duties by Defendants created a foreseeable risk of the particular type of harm which occurred to Plaintiff, such harm which was likely to occur in the absence of adequate safeguards or supervision. Thus, Defendants knew, or should have known, that DUWAYNE C. was subject to an unreasonable risk of harm such that Defendants should have taken preventative measures. Further, by Defendants' employees failures and breaches, MCSD is vicariously liability for the injuries caused by its employees, including the individual named Defendants, pursuant to Cal. Govt. Code § 815.2 (a).

130.   Plaintiffs are informed and believe and thereon allege that:

a.   MCSD was on notice that ZARATE's classroom was an inappropriate, unhealthy and unsafe educational environment in which children were verbally and physically abused and had pain inflicted upon them as both a disciplinary and a pre-emptive control technique.

b.   MCSD was on notice of conduct by ZARATE which was likely to - and in fact did - cause physical and psychological harm to students, including DUWAYNE C.

c.   MCSD was on notice of the inappropriate, unhealthy and unsafe educational environment which existed in ZARATE's classroom but failed to adequately investigate.

131.   As a proximate, direct and legal result of the above referenced negligent acts or omissions to act on the part of Defendants, and each of them, Plaintiffs were harmed, suffered injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed. Plaintiffs are informed and believe and therefore allege that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs.

- 20 -

This e-copy is the official court record (GC68150)

Plaintiffs have also suffered general damages in an amount in excess of the jurisdictional minimum of this court.

132.   Plaintiffs allege that Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

133.   Plaintiffs allege that MCSD is vicariously liable for the negligent conduct of its employees who were aware of the abuse of students, including DUWAYNE C., who failed to investigate the abuse of students, and failed to warn DUWAYNE C. or SCHINDLER of the danger of remaining in the school and failed to remove DUWAYNE C. from the school. MCSD is vicariously liable for the negligent conduct of its employees who were aware of the abuse of students, including DUWAYNE C., but failed to report the abuse in violation of their mandatory duty under Penal Code 11165 *et seq.*

134.   Plaintiffs allege that the conduct of Defendants ZARATE, VILLA, COOPER, MEISENHEIMER, and COLLINS as described herein, was done with a conscious disregard of Plaintiff's right to safety in school, guaranteed by the California Constitution, such as to constitute oppression, fraud, or malice under Code of Civil Procedure section 3294, and on information and belief, MCSD administrators knew, authorized, ratified, or perpetrated the oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount to punish Defendants and to deter such conduct in the future.

**SECOND CAUSE OF ACTION**
**Negligent Hiring, Supervision, or Retention of Employee**
**(Against Defendant MCSD)**

135.   Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

136.   Plaintiffs allege that, at all times relevant hereto, MCSD had a legal duty to:

   a.   Adequately supervise students (including Plaintiff) and to place students (including Plaintiff) in an appropriate educational placement that is safe and free from danger and abuse.

   b.   Exercise due care in qualifying, testing, hiring and supervising their employees,

This e-copy is the official court record (GC68150)

including those who would be supervising students (including Plaintiff) and those responsible for placing students in an appropriate educational placement that was safe and free from danger and abuse.

c. Adequately oversee the educational environment and the performance of teachers and counselors.

d. Take reasonable measures to guard students (including Plaintiff) against harassment and abuse from foreseeable sources, including any teachers or counselors they know or have reason to know are prone to such abuse

137. Plaintiffs allege that MCSD hired ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50, to carry out the above-mentioned duties.

138. Plaintiffs allege that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50 were, or became, unfit or incompetent to perform the work for which they were hired, including unfit or incompetent to carry out the above-mentioned duties, as alleged herein, thereby posing a particular risk to students (including Plaintiff).

139. Plaintiffs allege that MCSD knew, or should have known, that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50 were, or became, unfit or incompetent to perform the work for which they were hired, including unfit or incompetent to carry out the above-mentioned duties, as alleged herein, and that this unfitness and/or incompetence created a particular risk to students (including Plaintiff). Plaintiffs allege that MCSD knew that ZARATE had abused at least one student in her care yet MCSD allowed ZARATE to go back to teaching disabled young children, including Plaintiff. Plaintiffs further allege that MCSD knew, or should have known, that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50, posed a particular risk to students because they failed to immediately report the subject incident to the proper authorities, thereby exposing Plaintiff (and other students) to additional risk of injury and attendant damages.

140. Plaintiffs allege that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50, unfitness or incompetence harmed Plaintiffs.

141. Plaintiffs allege that Defendant MCSD's negligence in hiring, supervising, or

- 22 -

This e-copy is the official court record (GC68150)

retaining ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50, was a substantial factor in causing the Plaintiffs' harm.

142.    As a direct and legal result of the above-referenced negligent acts or omissions to act on the part of these Defendants, Plaintiff suffered injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed.  Plaintiffs are informed and believe, and on that basis allege, that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

### THIRD CAUSE OF ACTION
#### Intentional Infliction of Emotional Distress
**(Against Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, inclusive)**

143.    Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

144.    Plaintiffs allege that ZARATE intentionally used improper use of restraint and force, including verbal and physical abuse, against Plaintiff. Plaintiffs allege that MCSD, ZARATE, COOPER, VILLA,   MEISENHEIMER, COLLINS and DOES 1 through 50, conduct was intentional and outrageous, in that after learning about the improper use of restraint and force, Defendants permitted ZARATE to continue teaching young disabled children, including Plaintiff. Plaintiffs allege that Defendants' conduct was outrageous in that it was so extreme as to exceed all bounds of that usually tolerated in a civilized community. (*Hughes v. Pair* (2009) 46 Cal. 4th 1035, 1050-1051).

145.    Plaintiffs allege that MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

146.    Plaintiffs allege that Plaintiff suffered severe emotional distress.

This e-copy is the official court record (GC68150)

147.   Plaintiffs allege that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, conduct was a substantial factor in causing Plaintiff's severe emotional distress.

148.   Plaintiffs allege that MCSD is vicariously liable for the acts, and intentional torts, of its employees under Cal. Govt. Code § 815.2.

149.   Plaintiffs allege that the conduct of ZARATE, VILLA, COOPER, MEISENHEIMER, and COLLINS,  as described herein, was done with a conscious disregard of Plaintiff's right to safety in in school, guaranteed by the California Constitution, such as to constitute oppression, fraud, or malice under Code of Civil Procedure section 3294,  and on information and belief, the managing agents of MCSD knew, authorized, ratified, or perpetrated the oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount to punish MCSD, ZARATE, VILLA, COOPER, MEISENHEIMER, and COLLINS to deter such conduct in the future.

### FOURTH CAUSE OF ACTION
#### Negligent Infliction of Emotional Distress
**(Against Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, inclusive)**

150.   Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

151.   Plaintiffs allege that Defendants were negligent as alleged in the Complaint, including in Paragraphs 123 – 142, which are incorporated herein by reference.

152.   Plaintiffs allege that Plaintiff suffered serious emotional distress.

153.   Plaintiffs allege that Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress.

154.   Plaintiffs allege that MCSD is vicariously liable for the acts, and negligence, of its employees under Cal. Govt. Code § 815.2.

155.   Plaintiffs allege that the conduct of ZARATE, VILLA, COOPER, MEISENHEIMER, and COLLINS,  as described herein, was done with a conscious disregard of

This e-copy is the official court record (GC68150)

Plaintiff's right to safety in in school, guaranteed by the California Constitution, such as to constitute oppression, fraud, or malice under Code of Civil Procedure section 3294, and on information and belief, the managing agents of MCSD knew, authorized, ratified, or perpetrated the oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount to punish MCSD, ZARATE, VILLA, COOPER, MEISENHEIMER, and COLLINS to deter such conduct in the future.

### FIFTH CAUSE OF ACTION
#### Unruh Civil Act
**(Against Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, inclusive)**

156.    Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

157.    The Unruh Civil Act, Cal. Civ. Code § 51 et seq., provides that all persons are entitled to full and equal services in all business establishments no matter what their, inter alia, disability, and that no business establishment shall discriminate against persons based on disability.

158.    Civil Code § 52(a) states that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 . . . is liable for each and every offense.

159.    Plaintiffs allege that MCSD is a school, which is a "business establishment" for the purposes of the Unruh Act.

160.    Plaintiffs allege MCSD, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50, denied Plaintiff DUWAYNE C. full and equal accommodation, advantages, facilities, privileges, and/or services as alleged herein.

161.    Plaintiffs allege that a substantial motivating reason for MCSD, COOPER, VILLA, MEISENHEIMER, COLLINS, and DOES 1 through 50's conduct was Plaintiff's disabilities of which they were aware.

162.    As a proximate, direct and legal result of Defendants' conduct, Plaintiff suffered

This e-copy is the official court record (GC68150)

harm, injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed. Plaintiffs are informed and believe, and on that basis allege, that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

163.     Plaintiffs allege that Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

### SIXTH CAUSE OF ACTION
**Violation of California Education Code Section 200 et seq.**
**(Against Defendant MCSD)**

164.     Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

165.     Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability....in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

166.     A plaintiff may maintain an action for monetary damages against a school district when the Plaintiffs allege that (1) he suffered severe, pervasive conduct that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; (2) the school had actual knowledge of the conduct; and (3) the school responded with deliberate indifference.

167.     Plaintiffs allege that (1) ZARATE subjected the minor Plaintiff to severe and pervasive physical abuse which effectively deprived Plaintiff of the right to equal access to the educational benefits and opportunities (DUWAYNE C. regressed developmentally while in ZARATE's classroom and started exhibiting uncharacteristic problem behaviors); (2) MCSD had

- 26 -

This e-copy is the official court record (GC68150)

actual knowledge of ZARATE's abuse of special education students at least as early as May 17, 2017; and (3) Notwithstanding said knowledge, MCSD responded with deliberate indifference and allowed ZARATE to continue to teach and MCSD failed to take any action whatsoever.

168.    Plaintiffs further allege that Kassandra Castillo informed MCSD, COOPER and VILLA that special needs children were being abused but MCSD was deliberately indifferent to the abuse when they took no action to prevent the abuse and allowed her to continue to teach.

169.    On information and belief, Defendants named herein as Does 1 through 50 had actual knowledge of the abuse long before May 17, 2017. Plaintiffs will amend the complaint once their identities are discovered.

170.    As a proximate, direct and legal result of Defendants' conduct, Plaintiff suffered harm, injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed. Plaintiffs are informed and believe, and on that basis allege, that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

## SEVENTH CAUSE OF ACTION
### Battery
### (Against Defendant MCSD and ZARATE)

171.    Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

172.    Plaintiffs allege that ZARATE touched Plaintiff DUWAYNE C. with the intent to harm or offend him.

173.    Plaintiffs allege that Plaintiff did not consent to the touching.

174.    Plaintiffs allege that Plaintiff was harmed or offended by ZARATE's conduct.

175.    Plaintiffs allege that a reasonable person in Plaintiff's situation would be offended by the touching.

- 27 -

This e-copy is the official court record (GC68150)

176. As a proximate, direct and legal result of ZARATE's conduct, Plaintiff suffered harm, injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed. Plaintiffs are informed and believe, and on that basis allege, that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

## EIGHTH CAUSE OF ACTION
### Violation of Mandatory Duty
### (Against Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, inclusive)

177. Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

178. Government Code section 815.6 states there is government liability for failure to perform a mandatory duty "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." (Gov. Code, § 815.6.) Thus, the government may be liable when (1) a mandatory duty is imposed by enactment, (2) the duty was designed to protect against the kind of injury allegedly suffered, and (3) breach of the duty proximately caused injury."

179. Plaintiffs allege that Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, violated Penal Code §§ 11165.7, 11165.9, 11166, and 11167.

180. Teachers, instructional aides, classified personnel and administrative officers of MCSD are mandatory reporters as defined by Penal Code § 11165.7. As such, they were under a

- 28 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

mandatory duty to report to an agency specified in Penal Code § 11165.9 whenever, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows, or reasonably suspects has been the victim of child abuse or neglect. Penal Code § 11166. A mandatory reporter is required to report suspected child abuse immediately or as soon as practicably possible by telephone and the mandated reporter shall prepare and send, fax, or electronically transmit a written follow-up report thereof within 36 hours. *Ibid.*

181. Plaintiffs allege that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, were teachers, instructional aides, classified personal and/or administrative officers of MCSD, who had a mandatory duty. (Penal Code §§ 11165.7, 11165.9, 11166, and 11167).

182. Plaintiffs allege that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, were aware that children in ZARATE'S classroom were victims of abuse as defined by Penal Code §§ 11165.3 and 11165.4. However, none of these mandatory reporters employed by MCSD complied with their mandatory duty to report the abuse to an agency specified in Penal Code § 11165.9.

183. The mandatory reporter statutes impose a mandatory duty to report suspected or actual child abuse. Furthermore, the statutes were enacted to protect minors from abuse such as the one suffered by DUWAYNE C. in this case.

184. Plaintiff DUWAYNE C. was harmed as alleged herein.

185. Defendants' failure to perform their mandatory duty was a substantial factor in causing Plaintiffs' harm.

186. As a proximate, direct and legal result of Defendants' conduct, Plaintiff suffered harm, injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed. Plaintiffs are informed and believe, and on that basis allege, that certain said injuries

will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

## NINTH CAUSE OF ACTION
### Violation of Bane Act, Civ. Code Section 52.1
### (Against Defendants MCSD and ZARATE)

187.    Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

188.    Plaintiff has a fundamental right to a school-based, equal education under the California Constitution. Plaintiff has liberty interests in bodily integrity, and the right to be free from potentially dangerous harassment or abuse for which there is no consent, and which causes plaintiff to fear school to the extent that he is unable to attend and is therefore deprived of his right to a school-based, equal education.  The Bane Act allows a person whose rights have been interfered with by any means, threats, intimidation, or coercion to sue for injunctive and other equitable relief.

189.    Plaintiffs allege that ZARATE acted violently against Plaintiff DUWAYNE C., because of his disability, to prevent him from exercising his rights, including preventing his right and ability to receive a school-based education.

190.    As a proximate, direct and legal result of Defendants' conduct, Plaintiff suffered harm, injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed.  Plaintiffs are informed and believe, and on that basis allege, that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

191.    Defendant ZARATE's conduct was a substantial factor in causing Plaintiffs' harm.

192.    Plaintiff alleges that MCSD is vicariously liable for ZARATE's conduct.

///

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

## TENTH CAUSE OF ACTION
### Violation of Constitutional Rights, 42 U.S.C. § 1983
### (Against Defendants MCSD, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, inclusive)

193.   Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

194.   Plaintiffs allege that ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, intentionally used unjustified and unreasonable force against Plaintiff and/or failed to prevent it; and/or acted with deliberate indifference by failing to act in response to allegations of serious child abuse; and/or acted with deliberate indifference to the risk of harm to DUWANYE C. from ZARATE. The actions of ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, were objectively unreasonable, willful and wanton, in light of the facts and circumstances.

195.   Plaintiffs allege that MCSD violated the rights of DUWANYE C. under the Fourth Amendment and/or Fourteenth Amendments, by its failure to maintain adequate policies or conduct adequate training to prevent violations of the rights of students and parents. On information and belief, MCSD had multiple written policies, regulations, rules, and practices contributed to the occurrence of the incidents which gave rise to the constitutional violations in this case. Multiple persistent and widespread customs and practices of MCSD also contributed to the incidents at issue in this litigation.   The permanent and well -settled practices of MCSD gave rise to the alleged constitutional violations.   Violations such as the ones inflicted on Plaintiffs were an obvious risk of the procedures adopted by MCSD and its policymakers.   MCSD's acts and omissions constitute deliberate indifference.

196.   Plaintiffs allege that MCSD also violated the rights of DUWANYE C. under the Fourth Amendment and/or Fourteenth Amendments when it displayed deliberate indifference to the

demonstrated propensity of ZARATE to violate the constitutional rights of citizens in the manner that Plaintiff's rights were violated. MCSD ratified the conduct of ZARATE by, including but not limited to, its decision to retain ZARATE as a teacher despite her mistreatment of special needs students, following undisputed evidence of abuse.

197.    Plaintiffs allege that Defendants were acting or purporting to act in the performance of their official duties.

198.    Plaintiffs allege that Defendants' conduct violated Plaintiff's Fourth Amendment and/or Fourteenth Amendment rights.

199.    As a proximate, direct and legal result of Defendants' conduct, Plaintiff suffered harm, injuries, including but not limited to pain, anxiety, emotional distress, and other injuries not yet diagnosed. Plaintiffs are informed and believe, and on that basis allege, that certain said injuries will be permanent in nature, the extent of said injuries being at this time unknown to Plaintiffs. As a result of the conduct of Defendants, and each of them, Plaintiffs have suffered general damages in an amount in excess of the jurisdictional minimum of this Court.

200.    Defendants' conduct as described herein was a substantial factor in causing Plaintiffs' harm.

## ELEVENTH CAUSE OF ACTION
### Discrimination in Violation of the Americans With Disabilities Act, USCA §§ 12101
### (Against Defendant MCSD)

201.    Plaintiffs refer to, and incorporate by reference, all of the preceding paragraphs as though fully set forth herein.

202.    Effective January 26, 1992 Title II of the Americans with Disabilities Act of 1990, entitled DUWAYNE C. to the protections of the "Public Services" provision. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

This e-copy is the official court record (GC68150)

203.   Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. DUWANYE C. was at all times relevant herein a qualified individual with a disability as therein defined.

204.   Plaintiffs allege that by subjecting the minor plaintiff DUWANYE C. to ongoing physical and verbal abuse, as alleged herein, DUWANYE C. was unable to enjoy the benefits of education. In addition, non-disabled children were not subjected to similar acts of abuse.

205.   Plaintiffs allege that MCSD has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

206.   Plaintiffs allege that MCSD has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove by subjecting DUWANYE C. to a hostile educational environment.

207.   Plaintiffs allege that ZARATE was deliberately indifferent to the risk that her actions would deprive the minor plaintiff DUWANYE C. of equal and meaningful access to education.

208.   Plaintiffs allege that, ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, were deliberately indifferent to complaints of abuse committed by ZARATE because the victims of her abuse, including DUWANYE C., were persons with a disability. Furthermore, COOPER and VILLA were informed by others that DUWANYE C. was abused by ZARATE. On information and belief, despite this knowledge, COOPER and VILLA and other District employees did nothing to stop the ongoing abuse, and in fact actively misled plaintiff SCHINDLER, the parent of DUWANYE C., as to the competency of ZARATE and as to the

- 33 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

experiences of DUWANYE C. in ZARATE's classroom.

209.   The deliberate indifference by employees of MCSD gives rise to respondeat superior liability of MCSD.

210.   Defendants' conduct as alleged herein, was a substantial factor in causing Plaintiffs' harm.

211.   As legal, direct and proximate result of MCSD's failure to comply with their duty under Title II, DUWANYE C. has suffered damages, including special and general damages, according to proof.

## TWELVTH CAUSE OF ACTION
### Violation of The Rehabilitation Act of 1973, 29 U.S.C. § 504
### (Against Defendant MCSD)

212.   Plaintiffs incorporate and reallege by reference all the foregoing paragraphs as if they were fully set forth herein.

213.   Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section 504"), and the regulations promulgated thereunder prohibit discrimination against persons with disabilities. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under, any program or activity receiving Federal financial assistance.

214.   Plaintiffs are informed and believe and thereon allege that MCSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

215.   Plaintiffs allege that By subjecting the minor plaintiff to ongoing physical and verbal abuse, DUWANYE C. was unable to enjoy the benefits of education. In addition, non-disabled children were not subjected to similar acts of abuse.

This e-copy is the official court record (GC68150)

216.   Plaintiffs allege that by its actions or inactions in denying equal access to educational services and by subjecting DUWANYE C. to a hostile educational environment, MCSD has violated the rights of DUWANYE C. under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

217.   Plaintiffs allege that ZARATE was deliberately indifferent to the risk that her actions would deprive the minor plaintiffs of equal and meaningful access to education.

218.   Plaintiffs allege that MCSD is vicariously liable for the actions or inactions of its employees. ZARATE, COOPER, VILLA, MEISENHEIMER, COLLINS and DOES 1 through 50, and other District employees were deliberately indifferent to the abuse committed by ZARATE. They had actual knowledge of the ongoing abuse and knew that ZARATE was likely to continue abusing DUWANYE C. but failed to act upon that knowledge.

219.   Plaintiffs allege that this deliberate indifference by employees of MCSD gives rise to vicarious / respondeat superior liability of MCSD.

220.   As a legal, direct and proximate result of MCSD's failure to comply with their duty under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the regulations promulgated thereunder, DUWANYE C. has suffered damages, including special and general damages, according to proof.

221.   Plaintiffs allege that Defendants' conduct, as described herein, was a substantial factor in causing Plaintiffs' harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, on all theories of action as follows:

(1) For general damages within the jurisdiction of the Court according to proof;

(2) For all special damages, including but not limited to medical and incidental expenses

This e-copy is the official court record (GC68150)

according to proof, property damage and loss of use;

(3) For loss of earnings and loss of earning capacity according to proof;

(4) For punitive damages against non-public entity Defendants, to the extent it is permitted by law;

(5) For costs of suit herein;

(6) For attorneys' fees, as permitted by law;

(7) For prejudgment interest as permitted by law; and

(8) For such other and further relief as the Court deems proper.

Dated: June 27, 2018

By: _____
Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Telephone: (510) 645-1000
Facsimile: (888) 645-2008
E-mail: team@libertylaw.com

Attorney for *Plaintiffs*

- 36 -
COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: June 27, 2018

By: _____
Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Telephone: (510) 645-1000
Facsimile: (888) 645-2008
E-mail: team@libertylaw.com

Attorney for *Plaintiffs*

# EXHIBIT C

CM-010

This e-copy is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Micha Star Liberty, Esq. [SBN 215687]<br>LIBERTY LAW<br>1970 Broadway, Suite 700<br>Oakland, CA 94612<br>TELEPHONE NO.: (510) 645-1000    FAX NO.: (888) 645-2008<br>ATTORNEY FOR *(Name)*: Plaintiff, Regina Schindler and Duwayne C. | FILED<br>Merced Superior Court<br>6/27/2018 1:32 PM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Elvira Cardenas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

CASE NAME:
Regina Schindler, et al., v. Merced City School District, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 18CV-02595 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: Twelve (12)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 27, 2018

Micha Star Liberty (SBN 215687)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA COUNTY OF MERCED

## Alternative Dispute Resolution (ADR) Information Guide

Adapted by permission from the
Administrative Office of the Courts' publication:
**"Alternative Dispute Resolution,** *Options for Resolving Your Dispute***"**

# ADR INFORMATION GUIDE

## There are Alternatives to Going to Trial

Did you know that most of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.  Because of these potential advantages, it is worth considering using ADR early in a lawsuit, **or even before you file a lawsuit.**

## Potential Advantages of ADR

Here are some potential advantages of using ADR:

❖ **Saves Time and Money:** A dispute often can be settled or resolved much sooner with ADR, allowing parties to save money on attorney fees, court costs, and experts' fees.  An ADR fee of $300 to be shared by the Parties is charged by the Court for its Judicial Arbitration and Early Mediation Programs – this fee is not waived in cases involving successful Fee Waiver Applications.

❖ **Increases Control Over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In ADR, parties have the opportunity to tell their side of the story just as they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that may not be available in a trial. Other ADR processes, such as arbitration, allow the parties to choose a qualified person or expert in a particular field to decide the dispute.

❖ **Preserves Ongoing Relationships:** ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.  For example, in cases involving business partners, family members or customer-vendor relationships.

❖ **Increases Satisfaction:** In a trial, there is typically a winner and a loser.  ADR can help the parties find win-win solutions and achieve their respective goals. This, along with other potential advantages of ADR, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

❖ **Fosters Attorney-Client Relationships:** Parties and Attorneys may also benefit from ADR by exploring their roles as problem-solvers and counselors rather than merely acting as adversaries. Quick, cost-effective, and satisfying resolutions are likely to produce happier parties and stronger relationships with their attorneys.

## What are the ADR Options?

The most commonly used ADR processes are Mediation, Arbitration, Neutral Case Evaluation, and Settlement Conferences.

### ♦ Private Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but remains helps the parties communicate so they can settle the dispute themselves.  Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate: Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.  Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can listen to the parties and help them communicate in an effective and non-confrontational manner.

### ♦ Private Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed.

Arbitration may be either "binding" or "non-binding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final.  Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.  Arbitrations may be structured to set maximum and minimum awards, known as "High-Low Arbitrations".  This allows the plaintiff to have a guaranteed minimum recovery and the defendant to rely on a guaranteed absolute maximum exposure, regardless of how the arbitration unfolds.

Cases for Which Arbitration May Be Appropriate: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### ♦ Neutral Case Evaluation

In Neutral Case Evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved.  Although the evaluator's opinion is not binding, the

parties typically use it as a basis for trying to negotiate a resolution of the dispute. Even if not successful in resolving the case, Neutral Case Evaluation can lead to use of other ADR procedures, such as arbitration or mediation, especially when undertaken early in the litigation.

Cases for Which Neutral Case Evaluation May Be Appropriate:
Neutral Case Evaluation is appropriate for most cases, and may be most useful in cases that involve technical issues that require special expertise to resolve or in cases that the only significant issue is the amount of damages.

### ♦ Settlement Conferences

In Settlement Conferences, the parties and their attorneys meet with the judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences, ordered by the Court, are often held near the date a case is set for trial.

## ADR Programs Offered by Merced Superior Court

Merced Superior Court provides two forms of ADR programs through its Early Mediation Program (EMP) and its Judicial Arbitration Program, described below.

### ♦ Merced Superior Court's *Early Mediation Program* (EMP)

**Civil unlimited cases are generally assigned to the Early Mediation Program.** Merced Superior Court provides parties with an opportunity to mediate cases before extensive fees and costs are spent (see "Private Mediation" below, for a description of how Mediation works). The EMP allows parties the opportunity to obtain the services of a mediator for only a $300 fee, to be shared by the parties. Because the parties have not generally committed extensive resources and time to a case at this early stage, resolution can be achieved at a lower cost and possibly with more satisfying results. Early Mediation Program Forms are available at: www.merced.courts.ca.gov. Here's how the EMP works:

- Civil Unlimited Cases are generally assigned to the Early Mediation Program, unless an opt-out form is filed by any party within 120 days from the filing of the Complaint. **Timely service of the Complaint (within 60 days of filing) is essential to comply with the Early Mediation Program requirements.**

- The $300 EMP fee must be paid to the Civil Clerk's Office within 120 days of filing the lawsuit, and the Parties are to schedule Early Mediation before the first CMC (set approximately 150 days from the filing of the Complaint).

Plaintiff is to collect the EMP fee, to be shared equally by the Parties or as the Parties agree, and timely submit the entire amount to the Civil Clerk's Office.

• Parties then select a Mediator from Merced Superior Court's ADR Neutral List available on the Court's website. Parties must notify the ADR Office immediately if a mediator cannot be agreed upon. The ADR Office will then provide the parties with a mediator short list where each party may de-select a mediator and report back to the ADR Coordinator within 5 days.

• In preparation for the Early Mediation, Parties are to draft a Mediation Statement of no more than 5 pages outlining the Party's position including agreed to and disputed facts. The Mediation Statement is to be sent to the mediator one (1) week before the Early Mediation (do not file with the Court).

• After the Early Mediation, Parties are to fill out a confidential Mediation Survey and send it to the ADR Office of the Court.

♦ **Merced Superior Court's** *Judicial Arbitration Program*
Merced Superior Court provides parties with an opportunity to arbitrate their cases for a $300 fee before extensive fees and costs are spent. This program is generally ordered in cases where the amount in controversy is equal or less than $50,000. The Parties may agree to waive this cap and allow the possibility of a larger award. The Parties may also agree to make the Arbitration Award binding, thereby eliminating the need of further litigation. Otherwise, after Judicial Arbitration, the Parties receive an Award that they may accept or reject.

## Serving the ADR Information Packet
The ADR Information Packet, which is provided to all Plaintiffs initiating a lawsuit, consists of:
> ► The ADR Information Guide
> ► The ADR Stipulation Form

The Plaintiff must serve a copy of the ADR Packet on each Defendant with the Complaint. Cross-Complainants must serve a copy of the ADR Packet on all new Cross-Defendants with the Cross-Complaint. The ADR Information Packet is available in the Civil Clerk's Office or online at www.merced.courts.ca.org.

## Who You Can Call
For additional information, please contact the following:
► State Bar of California (415) 538-2000
► Calif. Dept. of Consumer Affairs, Consumer Info. Center, (800) 952-5210
► Merced Superior Court, ADR Office, (209) 725-4249
► Merced County Bar Association, (209) 722-8129
► Self Help Information on line: http://www.courtinfo.ca.gov/selfhelp

**EXHIBIT E**

This e-copy is the official court record (GC68150).

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MERCED<br>627 W. 21st Street<br>Merced CA 95340<br>209-725-4100 | *Reserved for Clerk's File*<br>*Stamp*<br><br>FILED<br>MERCED COUNTY<br>2018 JUL -3 AM 9:40<br>CLERK OF THE SUPERIOR COURT<br>*Elvira Cardenas* |
|---|---|
| Regina Schindler, et al.<br>vs<br>Merced City School District, et al. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE<br>NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | **Case No. 18CV-02595** |

**To All Parties and their Attorneys of Record:**

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program. Local Rule 4 will hereafter apply to this action. You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.714(b)(1), 3.720-3.735.

*Please note: Local Rules and ADR Packet may be reviewed on-line at www.merced.courts.ca.gov.*

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Local Rule 4(B)(1)(a), for:

**December 03, 2018 at 10:00 AM in Courtroom 8**

**Located at 627 West 21st Street Merced, CA 95340**

**Honorable Judge Brian McCabe, presiding.**

**Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.**

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC. CourtCall, LLC may be reached at (888) 882-6878. Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC. A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A **CMC Statement** shall be filed with the Court no later than **15 days** prior to the date set for the **CMC**. Parties shall use **Judicial Council form CM-110** (CRC 3.725). This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

Micha Star Liberty
1970 Broadway Suite 700
Oakland CA  94612

Date: 7/3/2018                                      Linda Romero Soles, Court Executive Officer

                                                    By: *Elvira Cardenas*

Elvira Cardenas                                          Deputy Clerk
Printed Name

This e-copy is the official court record (GC68150).

**EXHIBIT F**

CIV-010

| | |
|---|---|
| **ATTORNEY** *(Name, State Bar number, and address):*<br>Micha Star Liberty (SBN 215687)<br>Liberty Law<br>1970 Broadway, Suite 700<br>Oakland, CA<br>TELEPHONE NO.: 510-645-1000   FAX NO. *(Optional):* 510-645-2008<br>E-MAIL ADDRESS *(Optional):* team@libertylaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Regina Schindler and Duwayne C. | FILED<br>FOR COURT USE ONLY<br>18 JUL -5 PM 4: 41<br>CLERK OF THE SUPERIOR COURT<br>*Neon Sy Mora*<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

PLAINTIFF/PETITIONER:  Regina Schindler and Duwayne C.

DEFENDANT/RESPONDENT:  Merced City School District, et al.

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT**<br>**OF GUARDIAN AD LITEM—CIVIL**<br>[✓] **EX PARTE** | **CASE NUMBER:**<br>18CV-02595 |

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Regina Schindler                          is
   a. [✓] the parent of *(name):*  Duwayne C.
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Regina Schindler
   c/o Liberty Law, 1970 Broadway, Suite 700, Oakland, CA 94612

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Duwayne C.
   c/o Liberty Law, 1970 Broadway, Suite 700, Oakland CA 94612

4. The person to be represented is:
   a. [✓] a minor *(date of birth):*  6/2/2010
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [ ] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Negligence; Negligent Hiring, Supervision, Or Retention Of Employee; Intentional Infliction of Emotion Distress; Negligent Infliction of Emotional Distress; Violation of Unruh Civil Rights Act; Violation of California Education Code Section 200 et seq.; Battery; Violation of Mandatory Duty;

   [✓] Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT**
**OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

CIV-010

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | |

This e-copy is the official court record (GC68150).

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☑ the appointment of a guardian ad litem is necessary for the following reasons (specify):

the litigation of Duwayne C.'s claims because he is a minor.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☑ related (state relationship): Mother

b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Micha Star Liberty
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: 6/27/18

Regina Schindler
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Regina Schindler
is hereby appointed as the guardian ad litem for (name): Duwayne C.
for the reasons set forth in item 5 of the application.

Date:

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

_____
(JUDICIAL OFFICER)

CIV-010 [Rev. January 1, 2008]

## APPLICATION AND ORDER FOR APPOINTMENT
## OF GUARDIAN AD LITEM—CIVIL

Page 2 of 2

CIV-010

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Merced City School District, et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☑ the appointment of a guardian ad litem is necessary for the following reasons (specify):

the litigation of Duwayne C.'s claims because he is a minor.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related (state relationship): Mother
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Micha Star Liberty

▶ _____

| (TYPE OR PRINT NAME) | (SIGNATURE OF ATTORNEY) |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____

| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT) |

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: 6/27/18

Regina Schindler

▶ *Regina Schindler*

| (TYPE OR PRINT NAME) | (SIGNATURE OF PROPOSED GUARDIAN AD LITEM) |

## ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Regina Schindler
is hereby appointed as the guardian ad litem for (name): Duwayne C
for the reasons set forth in item 5 of the application.

Date: JUL - 5 2018

_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL.**

This e-copy is the official court record (GC68150).

This e-copy is the official court record (GC68150).

MC-025

| SHORT TITLE: Regina Schindler, et al., v. Merced City School District, et al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* 5a

*(This Attachment may be used with any Judicial Council form.)*

Violation of Bane Act; Violation of Constitutional Rights, 42 U.S.C. § 1983; Discrimination in Violation of the Americans With Disabilities Act, USCA §§ 12101; Violation of The Rehabilitation Act of 1973, 29 U.S.C. § 504.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __3__ of __3__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]
**ATTACHMENT**
**to Judicial Council Form**
www.courtinfo.ca.gov

# EXHIBIT G

This e-copy is the official court record (GC68150)

FILED
Merced Superior Court
8/28/2018 10:22 AM
Linda Romero Soles
Clerk of the Superior Court
By: Nengsy Moua, Deputy

1  James D. Weakley, Esq.    Bar No. 082853
   Michelle E. Sassano, Esq.  Bar No. 232368
2
          Weakley & Arendt, LLP
3       5200 N. Palm Avenue, Suite 211
            Fresno, California 93704
4         Telephone:  (559) 221-5256
          Facsimile:  (559) 221-5262
5           Jim@walaw-fresno.com
          Michelle@walaw-fresno.com
6
   Attorneys for Defendants, MERCED CITY SCHOOL DISTRICT operating as CHARLES
7  WRIGHT ELEMENTARY; KEN COOPER; VERONICA VILLA; DOUG COLLINS; and
   BRIAN MEISENHEIMER
8
9        **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                    **COUNTY OF MERCED**

11 REGINA SCHINDLER, an individual,     ) CASE NO. 18CV-02595
   DUWAYNE C., a minor, by and through  )
12 his guardian ad litem REGINA SCHINDLER )
13                                       ) **NOTICE OF CHANGE OF FIRM**
             Plaintiffs,                 ) **ADDRESS**
14                                       )
               vs.                       )
15                                       )
   MERCED CITY SCHOOL DISTRICT,          )
16 operating as CHARLES WRIGHT           )
   ELEMENTARY SCHOOL; OLIVIA             )
17 ZARATE, an individual employee; KEN   ) Complaint Filed: June 27, 2018
   COOPER,  an individual employee;      ) Trial Date:  TBA
18 VERONICA VILLA, an individual employee; )
   BRIAN MEISENHEIMER, an individual     )
19 employee; DOUG COLLINS, an DOES 1     )
   through50, inclusive,                 )
20                                       )
             Defendants.                 )
21 _____)

22
23 TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED,

24 UNLIMITED JURISDICTION, AND TO ALL PARTIES AND THEIR RESPECTIVE

25 ATTORNEYS OF RECORD:

26 ///

27 ///

28 ///

_____
Defendants' Notice of Change of Firm Address
                                          1

This e-copy is the official court record (GC68150)

1    NOTICE IS HEREBY GIVEN that effective Friday, August 24, 2018, the Law Firm of

2  Weakley & Arendt, a Professional Corporation, has changed its address to 5200 N. Palm

3  Avenue, Suite 211, Fresno, California 93704.

4

5  DATED: August 23, 2018                    WEAKLEY & ARENDT
                                            A Professional Corporation
6

7                                   By:  _____
                                        James D. Weakley
8                                        Michelle E, Sassano
                                        Attorneys for Defendants
9                                        MERCED CITY SCHOOL DISTRICT operating
                                        as CHARLES WRIGHT ELEMENTARY; KEN
10                                       COOPER; VERONICA VILLA; DOUG
                                        COLLINS; and BRIAN MEISENHEIMER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Notice of Change of Firm Address

2

This e-copy is the official court record (GC68150)

1

## PROOF OF SERVICE

2      I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is
3 1630 East Shaw Avenue, Suite 176, Fresno, California 93710.

4      On the date set forth below, I placed in a sealed envelope and served a true copy of the within

5                   **NOTICE OF CHANGE OF FIRM ADDRESS**

6 addressed as follows:

7 Micha Star Liberty
**LIBERTY LAW**
8 1970 Broadway, Suite 700
Oakland, CA 94612
9 Phone: (510) 645-1000
Fax:    (888) 645-2008
10 E-Mail: team@libertylaw.com

11 Attorneys for Plaintiffs

12 ☒      BY MAIL      I am readily familiar with the business practice at my place of business for
13 collection and processing of correspondence for mailing with the United States Postal Service.
Correspondence so collected and processed is deposited in the ordinary course of business.
14
      I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at
15 Fresno, California.

16 ☐      BY HAND      I hand delivered each envelope to the office listed above.

17 ☐      BY FACSIMILE      I served the above-mentioned document from Facsimile Machine No.:
(559) 221-5262 to the interested parties at the facsimile numbers listed above.
18
☐      BY FEDERAL EXPRESS I  am readily familiar with the business practice at my place of
19 business for collection and processing of correspondence for overnight delivery with Federal Express.
Such correspondence will be deposited with a facility regularly maintained by Federal Express for
20 receipt on the same day in the ordinary course of business.

21      I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.  I declare under penalty of perjury that the foregoing is true and
22 correct, and that this proof of service was executed at Fresno, California, on August 28, 2018.

23

24                                        _____
                                        Prisma N. Valencia
25

26

27

28

# EXHIBIT H

This e-copy is the official court record (GC68150)

| 1 | James D. Weakley, Esq.    Bar No. 082853 |
| | Michelle E. Sassano, Esq.  Bar No. 232368 |

FILED
Merced Superior Court
9/5/2018 12:08 PM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

Weakley & Arendt, LLP
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
Michelle@walaw-fresno.com

Attorneys for Defendants, MERCED CITY SCHOOL DISTRICT operating as CHARLES WRIGHT ELEMENTARY; KEN COOPER; VERONICA VILLA; DOUG COLLINS; and BRIAN MEISENHEIMER

**IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF MERCED**

| REGINA SCHINDLER, an individual, DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER | ) ) ) | CASE NO. 18CV-02595 |
| | ) | MERCED CITY SCHOOL DISTRICT operating as CHARLES WRIGHT ELEMENTARY, KEN COOPER; VERONICA VILLA, DOUG COLLINS and BRIAN MEISENHEIMER'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES |
| Plaintiffs, | ) ) ) ) | |
| vs. | ) ) ) | |
| MERCED CITY SCHOOL DISTRICT, operating as CHARLES WRIGHT ELEMENTARY SCHOOL; OLIVIA ZARATE, an individual employee; KEN COOPER, an individual employee; VERONICA VILLA, an individual employee; BRIAN MEISENHEIMER, an individual employee; DOUG COLLINS, and DOES 1 through50, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | Complaint Filed: June 27, 2018 Trial Date:  TBA |
| Defendants. | ) ) | |

COMES NOW Defendants, MERCED CITY SCHOOL DISTRICT operating as CHARLES WRIGHT ELEMENTARY, KEN COOPER, VERONICA VILLA, DOUG COLLINS and BRIAN MEISENHEIMER  (collectively "Defendants") and answer plaintiff's Complaint as follows:

These answering Defendants, in answer to the unverified complaint on file herein, and by virtue of the provisions of the Code of Civil Procedure section 431.30, now file this general

Merced City School District Operating as Charles Wright Elementary, Ken Cooper; Veronica Villa, Doug Collins And Brian Meisenheimer's Answer to Plaintiff's Complaint for Damages

1

This e-copy is the official court record (GC68150)

1  denial to said complaint, and each and every cause of action therein contained, and deny, both

2  generally and specifically, each and every, all and singular, the allegations therein contained,

3  and each and every part thereof.

4      AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, these

5  answering defendants allege that at all time referred to, plaintiff was negligent in and about

6  those matters alleged in the Complaint and this negligence directly and proximately contributed

7  to the accident and to any injuries and damages, if any sustained by plaintiff. The negligence of

8  plaintiff should be compared to the total negligence, if any, for the purposes of reducing any

9  recovery of plaintiff.

10      AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, defendants

11  allege that at all times referred to in the Complaint on file herein, and the causes of action

12  therein alleged, the injuries and damages complained of, if any, were directly and proximately

13  caused and contributed by the actions of persons other than these answering defendants.  As

14  such, damages recoverable by plaintiff, if any, must be diminished in proportion to the fault

15  attributed to these other persons.

16      AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, defendants

17  allege plaintiff has failed to state a claim under Unruh against these responding defendants.

18      AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, defendants

19  allege that the Complaint on file herein fails to state facts sufficient to state a cause of action

20  against these answering defendants.

21      AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, these

22  answering defendants allege that any injury, damage or loss, if any, sustained by plaintiff, was

23  aggravated by plaintiff's failure to use reasonable diligence to mitigate and minimize the same.

24      AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, these

25  answering defendants allege that, in the event it is found liable to plaintiff, defendants are

26  responsible for plaintiff's damages according to each defendant's percentage of fault, pursuant

27  to Civil Code section 1431.2.

28  ///

---

Merced City School District Operating as Charles Wright Elementary, Ken Cooper; Veronica Villa, Doug Collins
And Brian Meisenheimer's Answer to Plaintiff's Complaint for Damages

2

This e-copy is the official court record (GC68150)

1    AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE,
2  defendants allege that some or all of the purported claims for damages contained in the
3  Complaint are barred by the provisions of Section 335.1 and other applicable statutes of
4  limitation set forth in the California Code of Civil Procedure.

5    AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE,
6  defendants allege that their legal responsibility and/or liability, if any is found with respect to
7  economic damages, shall be limited to the percentage of fault attributable, if any, to each
8  defendant, and that separate judgments be rendered so indicating.

9    AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, defendants
10  allege at all times and places referred to in the Complaint on file herein, and the causes of action
11  therein alleged, that the injuries and damages plaintiff complained of, if any, were proximately
12  caused by the superseding and intervening acts of third parties other than these answering
13  defendants.

14    AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, these
15  defendants allege that any and all acts of the defendant Merced City School District, its agents
16  and employees which allegedly caused the injury complained of were the result of the exercise
17  of discretionary authority vested in them.  Therefore, this defendant is not liable to plaintiff or
18  for his damages, if any, pursuant to the provisions of Government Code section 820.2 and 815,
19  815.2, 815.6, and 935.

20    AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE,
21  defendants allege that the immunities and defenses available as provided by the Government
22  Code.

23    AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, these
24  answering defendants allege that plaintiff's Complaint is fatally defective to the extent that it
25  attempts to state claims and/or facts not fairly reflected in a timely-filed Government Tort
26  Claim.

27  / / /

28  / / /

Merced City School District Operating as Charles Wright Elementary, Ken Cooper; Veronica Villa, Doug Collins
And Brian Meisenheimer's Answer to Plaintiff's Complaint for Damages

3

This e-copy is the official court record (GC68150)

1   AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

2   Merced City School District alleges that, to the extent the Complaint alleges that Defendant is

3   liable to plaintiff based upon a theory of common law, defendant is immune form that claim

4   pursuant to Government Code section 815.

5   AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, these

6   answering defendants allege that the defense available to it pursuant to the provisions of the

7   California Education Code.

8   AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, these

9   answering defendants allege that at all times mentioned in the Complaint, these answering

10   defendants acted in good faith, without knowledge or reason to believe that its conduct violated

11   any clearly established provision of law, whether statutory, constitutional or otherwise, which a

12   reasonable person in its position would have been aware.

13   AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, these

14   answering defendants claim a reduction in any judgment for medical expenses pursuant to

15   Government Code section 985.

16   AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, any

17   alleged discrimination was not arbitrary or intentional.

18   AS AND FOR AN EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

19   plaintiff was not discriminated against based on his disability.

20   AS AND FOR A NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

21   defendants have made good efforts to comply with ADA and Unruh Act.

22   AS AND FOR A TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE,

23   defendants allege that the Complaint fails to state a claim for relief for violation of the Civil

24   Rights Act of 42 U.S.C. section 1983 and the Bane Civil Rights Act.

25   AS AND FOR A TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE,

26   defendants, at all times alleged in the complaint, acted in good faith believe that their actions

27   were reasonable under the circumstances and did not violate plaintiff's constitutional rights.

28   Therefore, defendants and/or their agents and employees are entitled to absolute and/or qualified

This e-copy is the official court record (GC68150)

1   immunity.

2         AS AND FOR A TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE,

3   defendants allege the plaintiffs' claims are barred by the equitable doctrines of estoppel, laches

4   and unclean hands.

5         AS AND FOR A TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE,

6   these answering defendants allege, upon information and belief, that it cannot fully anticipate all

7   affirmative defenses which may be applicable to this action based on the allegations used in the

8   Complaint.  Accordingly, these defendants expressly reserve the right to assert such additional

9   defenses to the extent that such defenses may become applicable.

10         WHEREFORE, defendants pray that:

11     1.   Plaintiff take nothing by reason of his Complaint;

12     2.   That judgment be entered dismissing the Complaint and each of its

13         causes of action alleged against these answering defendants;

14     3.   Defendants be awarded their costs of suit incurred herein; and,

15     4.   The Court grant such other further relief as it may deem just and proper.

16   DATED:  September 5, 2018         WEAKLEY & ARENDT

17         A Professional Corporation

18

19         By:   _____

          James D. Weakley

20         Michelle E. Sassano

          Attorneys for Defendants

21         MERCED CITY SCHOOL DISTRICT operating

          as CHARLES WRIGHT ELEMENTARY; KEN

22         COOPER; VERONICA VILLA; DOUG

          COLLINS; and BRIAN MEISENHEIMER

23

24

25

26

27

28

---

Merced City School District Operating as Charles Wright Elementary, Ken Cooper; Veronica Villa, Doug Collins
And Brian Meisenheimer's Answer to Plaintiff's Complaint for Damages

This e-copy is the official court record (GC68150)

1

## PROOF OF SERVICE

2       I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business
3   address is 5200 N. Palm Avenue, Suite 221, Fresno, California 93704.

4       On the date set forth below, I placed in a sealed envelope and served a true copy of the within
5

6   **MERCED CITY SCHOOL DISTRICT operating as CHARLES WRIGHT ELEMENTARY, KEN COOPER; VERONICA VILLA, DOUG COLLINS and BRIAN MEISENHEIMER'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

7   addressed as follows:

8   Micha Star Liberty
9   **LIBERTY LAW**
    1970 Broadway, Suite 700
10  Oakland, CA 94612
    Phone: (510) 645-1000
11  Fax: (888) 645-2008
    E-Mail: tcam@libertylaw.com

12  Attorneys for Plaintiffs
13

14  <u>XX</u>   BY MAIL   I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal
15  Service.  Correspondence so collected and processed is deposited in the ordinary course of business.
16
        I caused each envelope, with postage fully prepaid, to be placed in the United States
17  mail, at Fresno, California.

18  \_\_\_\_   BY HAND   I hand delivered each envelope to the office listed above.

19  \_\_\_\_   BY FACSIMILE   I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.
20

21  \_\_\_\_   BY FEDERAL EXPRESS I am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal
22  Express for receipt on the same day in the ordinary course of business.

23      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and
24  correct, and that this proof of service was executed at Fresno, California, on September 5, 2018.

25

26                                    Prisma N. Valencia

27

28

---

Merced City School District Operating as Charles Wright Elementary, Ken Cooper; Veronica Villa, Doug Collins And Brian Meisenheimer's Answer to Plaintiff's Complaint for Damages

6

# EXHIBIT I

CM-110

This e-copy is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Micha Star Liberty, Esq. [SBN 215687]<br>LIBERTY LAW<br>1970 Broadway, Suite 700 Oakland, CA 94612<br>TELEPHONE NO.: **(510) 645-1000**   FAX NO. *(Optional):* **(888) 645-2008**<br>E-MAIL ADDRESS *(Optional):* **team@libertylaw.com**<br>ATTORNEY FOR *(Name):* **Plaintiff, Regina Schindler and Duwayne C.** | FILED<br>Merced Superior Court<br>11/13/2018 9:53 AM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Melissa Chavez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: **627 W. 21 Street**
MAILING ADDRESS: **627 W. 21 Street**
CITY AND ZIP CODE: **Merced, CA 95340**
BRANCH NAME: **Old Merced Courthouse**

PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C.

DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| **(Check one):** ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | **18CV-02595** |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: December 3, 2018        Time: 10:00AM        Dept.: 8        Div.:        Room:

Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Micha Star Liberty

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff, Regina Schindler and Duwayne C.
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 27, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint        ☐ cross-complaint        *(Describe, including causes of action):*
      Negligence;Negligent Hiring;Intentional Infliction of Emotional Distress;Violation of Unruh Act, CA Ed. Code Sec
      200 et seq, Mandatory Duty, Bane Act, Rehabilitation, Constitutional Rights, Rehab Act; ADA Discrimination

This e-copy is the official court record (GC68150)

CM-110

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

During the 2016/2017 school year at CWES, Plaintiff Duwayne C., special education student diagnosed with ADHD & PTSD was placed in Defendant Zarate's classroom & was discriminated against by Defendant due to his disabilities. Plaintiff was verbally, psychologically, & physically abused by Defendant continually. CWES was made aware of the abuse, acted negligently &, by failing to comply with District/State Laws, violated them.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):* 7-10 days
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   ☐ Additional representation is described in Attachment 8.
   f. Fax number:
   g. Party represented:

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

This e-copy is the official court record (GC68150)

CM-110

| PLAINTIFF/PETITIONER:  Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Merced City School District, et al. | 18CV-02595 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing to** participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

This e-copy is the official court record (GC68150)

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Regina Schindler and Duwayne C. | **CASE NUMBER:** |
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV-02595 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motions In Limine, as needed.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | March 2019 |
| Plaintiff | Fact Witness Depositions | April 2019 |
| Plaintiff | Expert Witness Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

This e-copy is the official court record (GC68150)

**CM-110**

| PLAINTIFF/PETITIONER: | Regina Schindler and Duwayne C. | CASE NUMBER |
|---|---|---|
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV-02595 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20. Total number of pages attached** *(if any).* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 12, 2018

Micha Star Liberty
_____
       (TYPE OR PRINT NAME)

▶ _____
       (SIGNATURE OF PARTY OR ATTORNEY)

_____
       (TYPE OR PRINT NAME)

▶ _____
       (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

This e-copy is the official court record (GC68150)

## PROOF OF SERVICE

1
2    I declare that I am over eighteen years of age and not a party to this action. My business address is 1970 Broadway, Suite 700, Oakland, California 94612. On the date indicated below, I
3    caused a true and correct copy of the following document to be served:

4    **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

5    The above-listed document was served by the following means:

[x]   **(U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with
6    appropriate postage fully prepaid, for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and
7    processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with
8    the United States Postal Service.

[ ]   **(FACSIMILE)** By agreement of the Parties, a true and correct copy of the above were
9    transmitted to the facsimile numbers listed below from facsimile number (888) 645-
10   2008 during normal business hours. I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was
11   unsuccessful.

[ ]   **(VIA E-MAIL)** By transmitting a true copy of the above to the e-mail addresses listed
12   below I did not receive, within a reasonable period of time, after the transmission, any
13   report or other indication that the transmission was unsuccessful.

14   [ ]   **(PERSONAL DELIVERY)** By causing a true copy of the above to be delivered via
personal delivery.

15   [ ]   **(OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed
16   envelope to be delivered via overnight mail.

17   The aforementioned document was served on the following interested parties or counsel:

18   **Attorneys for Defendants:**
James D. Weakley
19   Michelle E. Sassano
Weakley & Arendt, LLP
20   5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
21   Telephone: (559) 221-5256
22   Facsimile: (559) 221-5262
Jim@walaw-fresno.com
23   Michelle@walaw-fresno.com

24   I declare under penalty of perjury under the law of the State of California that the
foregoing is true and correct and that this declaration was executed on the date below at Oakland,
25   California.

26   Dated: November 13 2018

Caitlin O'Keefe
27   Caitlin O'Keefe

28

PROOF OF SERVICE

# EXHIBIT J

This e-copy is the official court record (GC68150)

1

Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Telephone: (510) 645-1000
Facsimile: (888) 645-2008
E-mail: team@libertylaw.com

Attorney for *Plaintiffs*

FILED
Merced Superior Court
11/13/2018 9:53 AM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

2

3

4

5

6

7       **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

8                        **COUNTY OF MERCED**

9    REGINA SCHINDLER, an individual,
     DUWAYNE C., a minor, by and through his
10   guardian ad litem REGINA SCHINDLER

11               Plaintiffs,

12          v.

13   MERCED CITY SCHOOL DISTRICT,
     operating as CHARLES WRIGHT
14   ELEMENTARY SCHOOL; OLIVIA
     ZARATE, an individual employee; KEN
15   COOPER, an individual employee;
     VERONICA VILLA, an individual
16   employee; BRIAN MEISENHEIMER, an
     individual employee; DOUG COLLINS,
17   and DOES 1 through 50, inclusive

18               Defendants.

**Case No. 18CV-02595**

**NOTICE OF DEPOSIT OF JURY FEES**

19

20       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

21          Notice is hereby given that Plaintiff has deposited jury fees in the amount of $150.00 with

the above-entitled court, as required by Code of Civil Procedure section 631, subdivision (b).

22

23   Dated: November 12, 2018

24                                      Micha Star Liberty (SBN 215687)
                                        **LIBERTY LAW**
25                                      1970 Broadway, Suite 700
                                        Oakland, CA 94612
26                                      Telephone: (510) 645-1000
                                        Facsimile: (888) 645-2008
27                                      E-mail: team@libertylaw.com

28                                      *Attorneys for Plaintiff*

                                  -1-
                  **NOTICE OF DEPOSIT OF JURY FEES**

This e-copy is the official court record (GC68150)

1

## PROOF OF SERVICE

2       I declare that I am over eighteen years of age and not a party to this action. My business
address is 1970 Broadway, Suite 700, Oakland, California 94612.  On the date indicated below, I
3   caused a true and correct copy of the following document to be served:

4   **PLAINTIFF'S NOTICE OF DEPOSIT OF JURY FEES**

    The above-listed document was served by the following means:

5   [x]   **(U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with
appropriate postage fully prepaid, for collection and mailing following our ordinary
6       business practices.  I am readily familiar with this business' practice for collecting and
processing correspondence for mailing.  On the same day that the correspondence is
7       placed for collection and mailing, it is deposited in the ordinary course of business with
the United States Postal Service.
8

9   [ ]   **(FACSIMILE)** By agreement of the Parties, a true and correct copy of the above were
transmitted to the facsimile numbers listed below from facsimile number (888) 645-
10       2008 during normal business hours.  I did not receive, within a reasonable period of
time, after the transmission, any report or other indication that the transmission was
11       unsuccessful.

12   [ ]   **(VIA E-MAIL)**  By transmitting a true copy of the above to the e-mail addresses listed
below I did not receive, within a reasonable period of time, after the transmission, any
13       report or other indication that the transmission was unsuccessful.

14   [ ]   **(PERSONAL DELIVERY)** By causing a true copy of the above to be delivered via
personal delivery.
15
[ ]   **(OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed
16       envelope to be delivered via overnight mail.

17   The aforementioned document was served on the following interested parties or counsel:

18   **Attorneys for Defendants:**
James D. Weakley
19   Michelle E. Sassano
Weakley & Arendt, LLP
20   5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
21   Telephone: (559) 221-5256
Facsimile: (559) 221-5262
22   Jim@walaw-fresno.com
23   Michelle@walaw-fresno.com

24       I declare under penalty of perjury under the law of the State of California that the
foregoing is true and correct and that this declaration was executed on the date below at Oakland,
25   California.

26   Dated:  November 13 2018

                             Caitlin O'Keefe
27

28

PROOF OF SERVICE

# EXHIBIT K

CM-110

This e-copy is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James D. Weakley   (SBN 082853)<br>Michelle E. Sassano  (SBN 232368)<br>Weakley & Arendt, A Professional Corporation<br>5200 N. Palm Avenue, Suite 211<br>Fresno, CA 93704<br>  TELEPHONE NO. 559-221-5256      FAX NO. *(Optional)*  559-221-5262<br>  E-MAIL ADDRESS *(Optional)* jim@walaw-fresno.com; Michelle@walaw-fresno.com<br>  ATTORNEY FOR *(Name):* Merced City School Dist.; K. Cooper; V. Villa; D. Collins; and B. Meisenheimer | FILED<br>Merced Superior Court<br>11/15/2018 11:42 AM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Melissa Chavez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
  STREET ADDRESS: 627 W. 21 Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Merced, California 95340
  BRANCH NAME: Old Merced Courthouse

PLAINTIFF/PETITIONER: Regina Schindler, et al.

DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | 18CV-02595 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: December 3, 2018         Time: 10:00 a.m.      Dept.:          Div :          Room: 8
Address of court *(if different from the address above):*

[X]  Notice of Intent to Appear by Telephone,  by *(name):* James D. Weakley

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* Merced City School Dist.; K. Cooper; V. Villa; D. Collins; and B. Meisenheimer
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 27, 2018
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint      [ ] cross-complaint      *(Describe, including causes of action):*
      Plaintiff's complaint contains twelve causes of action relating to an incident which occurred on May 17, 2017.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
⊕ Plus

Cal. Rules of Court,
rules 3 720–3 730

**CM-110**

| PLAINTIFF/PETITIONER: Regina Schindler, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

     ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

     The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

     a. ☐ The trial has been set for *(date):*

     b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

     c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
       **\*\*\* SEE ATTACHED TRIAL LIST (EXHIBIT A) \*\*\***

7. **Estimated length of trial**

     The party or parties estimate that the trial will take *(check one):*

     a. ☒ days *(specify number):* Ten (10) days

     b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

     The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

     a. Attorney:

     b. Firm:

     c. Address:

     d. Telephone number:                f. Fax number:

     e. E-mail address:                 g. Party represented:

     ☐ Additional representation is described in Attachment 8.

9. **Preference**

     ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

     a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

       (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

     b. **Referral to judicial arbitration or civil action mediation** (if available).

       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

**CM-110**

| PLAINTIFF/PETITIONER: Regina Schindler, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Regina Schindler, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

This e-copy is the official court record (GC68150)

**11. Insurance**
  a. [X] Insurance carrier, if any, for party filing this statement *(name):* Schools Insurance Authority
  b. Reservation of rights: [ ] Yes [X] No
  c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  [ ] Bankruptcy [ ] Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      [ ] Additional cases are described in Attachment 13a.
  b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**14. Bifurcation**
  [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
  action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  [X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
  Motion for Summary Judgment

**16. Discovery**
  a. [ ] The party or parties have completed all discovery.
  b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written discovery | Per code |
| | Depositions | Per code |
| | Defense medical examinations | Per code |
| | Experts | Per code |

  c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are
  anticipated *(specify):*

This e-copy is the official court record (GC68150)

**CM-110**

| | CASE NUMBER |
|---|---|
| PLAINTIFF/PETITIONER: Regina Schindler, et al. | 18CV-02595 |
| DEFENDANT/RESPONDENT: Merced City School District, et al. | |

**17. Economic litigation**

   a  [   ] This is a limited civil case (i.e , the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. [   ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   [   ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a.  [ X ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*   Defendants left a voicemail for Plaintiff's counsel as she was unavailable. Defendants anticipate the Parties will have met and conferred by the time of the hearing.

   b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.**  Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 15, 2018

Michelle E. Sassano
        (TYPE OR PRINT NAME)                ▶              (SIGNATURE OF PARTY OR ATTORNEY)

        (TYPE OR PRINT NAME)                ▶              (SIGNATURE OF PARTY OR ATTORNEY)

               [   ] Additional signatures are attached.

This e-copy is the official court record (GC68150)

# EXHIBIT A

**SET TRIALS/MEETINGS**

| **TRIAL DATE** | **CASE NAME** | **COURT** |
|---|---|---|
| January 22, 2019 (14 Days)<br>S/C: 12/03/18<br>Mtns in Limine: 1/18/19 | **Aragon v Co. Kings** | Kings Co Superior Ct. (Dept. 8)<br>16C-0347 |
| March 19, 2019 (7-10 Days)<br>Pre Trial Conf: 1/28/19<br>S/C: 4/11/18 | **Jessen v. Co. Fresno** | USDC<br>17-CV-00524-DAD-EPG |
| April 8, 2019 (4-7 Days)<br>Trial Readiness: 04/05/19<br>S/C: 03/20/19 | **Jones v. Co. Fresno** | Fresno Co. Superior Ct. (D- 502)<br>15CECG03066 |
| April 8, 2019 (7-10 Days)<br>Trial Readiness: TBD<br>S/C: 3/27/19 | **Valenzuela v. Co. Fresno** | Fresno Co. Superior Ct. (D- 501)<br>16CECG01420 |
| May 6, 2019 (5-7 Days)<br>Trial Readiness: 05/03/19<br>S/C: 04/10/19 | **Garza v ABS Global, Inc.** | Fresno Co. Superior Ct. (D- 501)<br>17CECG01654 |
| June 3, 2019 (10 Days)<br>S/C: 4/19/19<br>Mtns in Limine: 5/31/19 | **Reynoso v Co. Kings** | Kings Co Superior Ct. (Dept. 8)<br>16C-0187 |
| July 15, 2019 (3-7 Days)<br>S/C: 6/13/19<br>Mtns in Limine: 7/16/19 | **Clark v Co. Madera** | Madera Co Superior Ct. (Dept. 45)<br>MCV077855 |
| September 10, 2019 (7-10 Days)<br>Pre Trial Conf: 7/16/19<br>S/C: 1/4/19 | **Severi v. Co. Kern** | USDC<br>17-Cv-00931-AWI-JLT |
| September 23, 2019 (5-7 Days)<br>Trial Readiness: 09/20/19<br>S/C: 08/27/19 | **Brenes-Cerpa v. KCUSD** | Fresno Co. Superior Ct.<br>18CECG00064 |
| January 13, 2020 (6-8 Days)<br>Pretrial Conf: 10/29/19<br>S/C: TBD | **Perez v. Co. Fresno** | USDC<br>18-Cv-00127-AWI-EPG |
| February 3, 2020 (7-10 Days)<br>Pre Trial Conf: 12/9/19<br>S/C: TBD | **Adams v. Co. Kern** | USDC<br>17-Cv-00464-LJO-JLT |
| March 3, 2020 (14-21 Days)<br>Pretrial Conf: 1/7/20<br>S/C: TBD | **Deloney v. Co. Fresno** | USDC<br>17-Cv-01336-LJO-EPG |
| April 21, 2020 (10-12 Days)<br>Pretrial Conf: 2/24/20<br>S/C: 1/9/20 | **McGowan v. Co. Kern** | USDC<br>1:15-cv-01365 DAD-SKO |

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is 1630 East Shaw Avenue, Suite 176, Fresno, California 93710.

On the date set forth below, I placed in a sealed envelope and served a true copy of the within

**MERCED CITY SCHOOL DISTRICT operating as CHARLES WRIGHT ELEMENTARY, KEN COOPER; VERONICA VILLA, DOUG COLLINS and BRIAN MEISENHEIMER'S CASE MANAGEMENT STATEMENT**

addressed as follows:

Micha Star Liberty
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Phone: (510) 645-1000
Fax:    (888) 645-2008
E-Mail: team@libertylaw.com

Attorneys for Plaintiffs

☒   BY MAIL   I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited in the ordinary course of business.

I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

☐   BY HAND   I hand delivered each envelope to the office listed above.

☐   BY FACSIMILE   I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

☐   BY FEDERAL EXPRESS I am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on November 15, 2018.

Prisma N. Valencia

**EXHIBIT L**

This e-copy is the official court record (GC68150)

1 | James D. Weakley, Esq.    Bar No. 082853
2 | Michelle E. Sassano, Esq.   Bar No. 232368

FILED
Merced Superior Court
11/15/2018 11:42 AM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

Weakley & Arendt, LLP
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
Michelle@walaw-fresno.com

7 | Attorneys for Defendants, MERCED CITY SCHOOL DISTRICT operating as CHARLES
WRIGHT ELEMENTARY; KEN COOPER; VERONICA VILLA; DOUG COLLINS; and
8 | BRIAN MEISENHEIMER

**IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF MERCED**

| | |
|---|---|
| REGINA SCHINDLER, an individual, DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER | ) CASE NO. 18CV-02595 ) ) **MERCED CITY SCHOOL DISTRICT** ) **operating as CHARLES WRIGHT** |
| Plaintiffs, | ) **ELEMENTARY, KEN COOPER;** ) **VERONICA VILLA, DOUG COLLINS and** |
| vs. | ) **BRIAN MEISENHEIMER'S NOTICE OF** ) **DEPOSIT OF JURY FEES** |
| MERCED CITY SCHOOL DISTRICT, operating as CHARLES WRIGHT ELEMENTARY SCHOOL; OLIVIA ZARATE, an individual employee; KEN COOPER, an individual employee; VERONICA VILLA, an individual employee; BRIAN MEISENHEIMER, an individual employee; DOUG COLLINS, and DOES 1 through 50, inclusive, | ) ) ) Complaint Filed: June 27, 2018 ) Trial Date: TBA ) ) ) ) ) |
| Defendants. | ) **Public Entity Exempt from Filing Fees** ) **Pursuant to Government Code section 6103** |

TO PLAINTIFFS, REGINA SCHINDLER, and DUWAYNE C., a minor, by and through his

GAL REGINA SCHINDLER, AND THEIR ATTORNEY OF RECORD:

Defendants Merced City School District operating as Charles Wright Elementary, Ken

Cooper, Veronica Villa, Doug Collins, and Brian Meisenheimer hereby deposit the first day of

jury fees.

///

Defendants' Notice of Deposit of Jury Fees

1

This e-copy is the official court record (GC68150)

1    DATED:  November 15, 2018                    WEAKLEY & ARENDT
                                                  A Professional Corporation
2

3
                                        By:   _Michelle Sassano_
4                                             James D. Weakley
                                              Michelle E, Sassano
5                                             Attorneys for Defendants
                                              MERCED CITY SCHOOL DISTRICT operating
6                                             as CHARLES WRIGHT ELEMENTARY; KEN
                                              COOPER; VERONICA VILLA; DOUG
7                                             COLLINS; and BRIAN MEISENHEIMER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Notice of Deposit of Jury Fees                    2

This e-copy is the official court record (GC68150)

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is 5200 N. Palm Avenue, Suite 221, Fresno, California 93704.

On the date set forth below, I placed in a sealed envelope and served a true copy of the within

**MERCED CITY SCHOOL DISTRICT operating as CHARLES WRIGHT ELEMENTARY, KEN COOPER; VERONICA VILLA, DOUG COLLINS and BRIAN MEISENHEIMER'S NOTICE OF DEPOSIT OF JURY FEES**

addressed as follows:

Micha Star Liberty
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Phone: (510) 645-1000
Fax: (888) 645-2008
E-Mail: team@libertylaw.com

Attorneys for Plaintiffs

**XX**   BY MAIL    I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited in the ordinary course of business.

I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

____   BY HAND    I hand delivered each envelope to the office listed above.

____   BY FACSIMILE    I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

____   BY FEDERAL EXPRESS I am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on November 15, 2018.

Prisma N. Valencia

Defendants' Notice of Deposit of Jury Fees

3

# EXHIBIT M



**Superior Court of California, County of Merced**
**CASE MANAGEMENT CONFERENCE**
**FINDINGS AND ORDER**

| | |
|---|---|
| Regina Schindler, et al.<br>vs<br>Merced City School District, et al.<br>18CV-02595<br>Date of Hearing:  12/03/2018 | 10:00 AM - 12:00 PM<br>Case Management Conference |

Heard By:   Mccabe, Brian
Courtroom Reporter:

Location:   Courtroom 8
Courtroom Clerk:   M. George
Court Interpreter:
Court Investigator:

**Parties Present:**

Liberty, Micha Star          Attorney
Weakley, James Darvin     Attorney

**Future Hearings:**
April 15, 2019 10:00 AM
Case Management Conference
McCabe, Brian
Courtroom 8

The case is regularly called for hearing:

- The Court inquires of Counsel present for an update status of the case.

Counsel advises the Court they have agreed to a mediation.
Counsel advises they have discovery pending.
Discussion had by Court and parties present.

The Court orders:
Case Management Conference is continued to the above date and time.

No new Case Management Conference Statements are required.

All parties waive further notice.

- Parties Present via Court Call; Attorney: Weakley, James Darvin; Attorney: Liberty, Micha Star

# EXHIBIT N

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MERCED**

Superior Courts Building
627 W 21st Street
Merced, CA 95340
(209) 725-4111

**Regina Schindler, et al.**
**vs**
**Merced City School District, et al.**

| | |
|---|---|
| | *Reserved for Clerk's File Stamp* |
| | **FILED**<br>**Merced County Superior Court**<br>**03/19/2019**<br>*Kathy Wallace*<br>**Clerk of the Court** |

| **NOTICE OF DOCUMENT RETURN** | Case No. **18CV-02595** |
|---|---|

**To: Micha Star Liberty**

**Your documents are being returned for the following reasons:**

☐ Requires Civil Case Cover Sheet - (Incomplete - see highlights).
☐ Requires Signature on              .
☐ Requires filing/hearing fee of $         for         .
☐ Requires return of original          .
☐ Dismissal returned - Judgment entered on
☐ Documents do not conform to California Rules of Court          .
☐ Separate documents should not be stapled together/not in proper form.
☐ Documents are not in proper form, incomplete and/or inconsistent.  (See highlights)
☐ Forms are obsolete.  Please submit current form revision.
☐ Search fee is $15.00 per search.
☐ Certification fee is $25.00 plus $0.50 per page.
☐ Fax filings are retained as Originals.
☒ Other:  **Per my phone call to your office on 3/19/19, we are returning your documents.**
☐ **No Personal Checks Accepted**

**eFiling**

☒    Your document(s) is not in compliance with the Local Rules-Superior Court of California, County of Merced, Rule 2.1, and Rules of Court 2.253 (b) (4) requiring that documents must be filed electronically. Unless you can demonstrate undue hardship or significant prejudice, the court has mandated e-filing. To eFile with the Court, litigants must submit their documents using the court electronic filing service providers. To obtain more information, visit www.mercedcourt.org.

Date:  3/19/2019                                      Linda Romero Soles, Court Executive Officer

Kathy Wallace                                By:  *Kathy Wallace*
Printed Name                                           Deputy Clerk

**EXHIBIT O**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Micha Star Liberty (SBN 215687); Leah Simmet (SBN 320096)<br>Liberty Law Office<br>1970 Broadway, Suite 700, Oakland, CA 94612<br>TELEPHONE NO.: (510) 645-1000    FAX NO. *(Optional)*: (888) 645-2008<br>E-MAIL ADDRESS *(Optional)*: team@libertylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Regina Schindler and Duwayne C. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C.
DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ UNLIMITED CASE (Amount demanded exceeds $25,000)    ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 18CV-02595 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: April 15, 2019      Time: 10:00AM      Dept.: 8      Div.:      Room:
Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone, by *(name)*: Micha Star Liberty

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name)*: Plaintiff, Regina Schindler and Duwayne C.
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a The complaint was filed on *(date)*: June 27, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      Negligence; Negligent Hiring; IIED; NIED; Battery; and Discrimination in violation of the Unruh Act, Bane Act, Educ. Code section 200, the ADA, and the Rehabilitation Act; Violation of Constitutional Rights

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

This e-copy is the official court record (GC68150).

This e-copy is the official court record (GC68150).

**CM-110**

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   This case arises from the physical and verbal abuse endured by Plaintiff, Duwayne C., by his second grade teacher, on the basis of his disability and disability related behaviors. Although the abuse was reported to Merced City School District by a substitute teacher in Plaintiff's classroom, it was covered up with deliberate indifference toward the discriminatory and abusive conduct that occurred as a result of the District's negligence.

   ☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request  ☑ a jury trial  ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☐ days *(specify number):* 7-10 days
   b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  E-mail address:
   ☐  Additional representation is described in Attachment 8.
   f.  Fax number:
   g.  Party represented:

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1)  For parties represented by counsel: Counsel ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).

      (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**This e-copy is the official court record (GC68150).**

CM-110

| PLAINTIFF/PETITIONER:  Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Merced City School District, et al. | 18CV-02595 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Regina Schindler and Duwayne C. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV-02595 |

This e-copy is the official court record (GC68150).

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motions in Limine, as needed.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | April 2020 |
| Plaintiff | Fact Witness Depositions | May 2020 |
| Plaintiff | Expert Witness Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV-02595 |

This e-copy is the official court record (GC68150).

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 3/14/19

Micha Star Liberty
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

This e-copy is the official court record (GC68150).

## PROOF OF SERVICE

I declare that I am over eighteen years of age and not a party to this action. My business address is 1970 Broadway, Suite 700, Oakland, California 94612.  On the date indicated below, I caused a true and correct copy of the following document to be served:

- **PLAINTIFF'S CASE MANAGEMENT STATEMENT.**

The above-listed document was served by the following means:

[X]    **(U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage fully prepaid, for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

[ ]    **(FACSIMILE)** By agreement of the Parties, a true and correct copy of the above were transmitted to the facsimile numbers listed below from facsimile number **(888) 645-2008** during normal business hours.  I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was unsuccessful.

[ ]    **(VIA E-MAIL)** By agreement of the Parties, a courtesy copy of the above was transmitted by email. I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was unsuccessful.

The aforementioned document was served on the following interested parties or counsel:

**Attorneys for Defendant**
James D. Weakley
Michelle E. Sassano
Weakley& Arendt,A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct and that this declaration was executed on the date below at Oakland, California.

Dated: March 14, 2019



Evelyn Solorzano

This e-copy is the official court record (GC68150).



**EXHIBIT P**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| James D. Weakley, SBN 082853, Ashley N. Reyes, SBN 312120 [+]<br>5200 N. Palm Ave., Suite 211<br>Fresno, CA 93704<br>TELEPHONE NO.: (559)221-5256    FAX NO. (Optional): (559) 221-5262<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Defendants, Merced City School District | FILED<br>Merced Superior Court<br>3/19/2019 1:19 PM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Tino Herrera, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, 95340
BRANCH NAME:

PLAINTIFF/PETITIONER: Duwayne C. et al.

DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [✓] UNLIMITED CASE       [ ] LIMITED CASE<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)        or less) | 18CV -02595 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 15, 2019       Time: 10:00 a.m.    Dept.: 8       Div.:         Room:

Address of court (if different from the address above):

[✓] Notice of Intent to Appear by Telephone, by (name): James D. Weakley

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. [✓] This statement is submitted by party (name): MCSD; K.COOPER; V.VILLA; B MEISENHEIMER
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): June 27, 2018
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [✓] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [✓] complaint    [ ] cross-complaint    (Describe, including causes of action):
      Negligence; Negligent Hiring;IIED;NIED;Discrimination in violation of Unruh Act, Bane Act, Education Code section 200 et seq., the ADA and Rationalization Act; Battery; Violation of Constitutional rights

This e-copy is the official court record (GC68150)

**CM-110**

| PLAINTIFF/PETITIONER: Duwayne C. et al. | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV -02595 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

> Plaintiff alleges that he was physically and verbally abused by his second-grade teacher on the basis of his disability.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 7-10
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

This e-copy is the official court record (GC68150)

CM-110

| PLAINTIFF/PETITIONER: Duwayne C. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV -02595 |

This e-copy is the official court record (GC68150)

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

This e-copy is the official court record (GC68150)

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Duwayne C. et al. | CASE NUMBER |
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV -02595 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*·

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status.

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☑ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons):*
   Bifurcation of liability and damages

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motions in limine

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written discovery | April 2020 |
| Defendant | Fact Witness Depositions | May 2020 |
| Defendant | Expert Witness Depositions | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
   anticipated *(specify):*

CM-110

This e-copy is the official court record (GC68150)

| PLAINTIFF/PETITIONER:   Duwayne C. et al. | CASE NUMBER |
| DEFENDANT/RESPONDENT:   Merced City School District, et al. | 18CV -02595 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain).*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 03/19/2019

James D. Weakley
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

This e-copy is the official court record (GC68150)

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is 5200 N. Palm Avenue, Suite 211, Fresno, California 93704.

On the date set forth below, I placed in a sealed envelope and served a true copy of the within

### MERCED CITY SCHOOL DISTRICT'S
### CASE MANAGEMENT CONFERENCE STATEMENT

addressed as follows:

Leah Simmet
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Phone: (510) 645-1000
Fax:     (888) 645-2008
E-Mail: team@libertylaw.com

Attorneys for Plaintiffs

☒     BY MAIL      I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited in the ordinary course of business.

I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

☐     BY HAND      I hand delivered each envelope to the office listed above.

☐     BY FACSIMILE      I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

☐     BY FEDERAL EXPRESS I  am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on March 19, 2019.

Prisma N. Valencia

# EXHIBIT Q

CM-110

This e-copy is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Micha Star Liberty (SBN 215687); Leah Simmet (SBN 320096)<br>Liberty Law Office<br>1970 Broadway, Suite 700, Oakland, CA 94612<br>TELEPHONE NO.: (510) 645-1000   FAX NO. *(Optional)*: (888) 645-2008<br>E-MAIL ADDRESS *(Optional)*: team@libertylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Regina Schindler and Duwayne C. | FILED<br>Merced Superior Court<br>3/19/2019 9:41 AM<br>Linda Romero Soles<br>Clerk of the Superior Court<br>By: Tino Herrera, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C.

DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | | 18CV-02595 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: April 15, 2019   Time: 10:00AM   Dept.: 8   Div.:   Room:
Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone, by *(name)*: Micha Star Liberty

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiff, Regina Schindler and Duwayne C.
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: June 27, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:
      Negligence; Negligent Hiring; IIED; NIED; Battery; and Discrimination in violation of the Unruh Act, Bane Act, Educ. Code section 200, the ADA, and the Rehabilitation Act; Violation of Constitutional Rights

CM-110

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

This e-copy is the official court record (GC68150)

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This case arises from the physical and verbal abuse endured by Plaintiff, Duwayne C., by his second grade teacher, on the basis of his disability and disability related behaviors. Although the abuse was reported to Merced City School District by a substitute teacher in Plaintiff's classroom, it was covered up with deliberate indifference toward the discriminatory and abusive conduct that occurred as a result of the District's negligence.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial. ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):* 7-10 days
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

This e-copy is the official court record (GC68150)

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

This e-copy is the official court record (GC68150)

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motions in Limine, as needed.

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | April 2020 |
| Plaintiff | Fact Witness Depositions | May 2020 |
| Plaintiff | Expert Witness Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

This e-copy is the official court record (GC68150)

CM-110

| PLAINTIFF/PETITIONER: | Regina Schindler and Duwayne C. | CASE NUMBER. |
|---|---|---|
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV-02595 |

**17. Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**
    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 3/14/19

Micha Star Liberty
_____
        (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

_____
        (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

This e-copy is the official court record (GC68150)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I declare that I am over eighteen years of age and not a party to this action. My business address is 1970 Broadway, Suite 700, Oakland, California 94612.  On the date indicated below, I caused a true and correct copy of the following document to be served:

- **PLAINTIFF'S CASE MANAGEMENT STATEMENT.**

The above-listed document was served by the following means:

☒   **(U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage fully prepaid, for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐   **(FACSIMILE)** By agreement of the Parties, a true and correct copy of the above were transmitted to the facsimile numbers listed below from facsimile number (888) 645-2008 during normal business hours.  I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was unsuccessful.

☐   **(VIA E-MAIL)** By agreement of the Parties, a courtesy copy of the above was transmitted by email. I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was unsuccessful.

The aforementioned document was served on the following interested parties or counsel:

**Attorneys for Defendant**
James D. Weakley
Michelle E. Sassano
Weakley& Arendt,A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704

I declare under penalty of perjury under the law of the State of California that the foregoing

is true and correct and that this declaration was executed on the date below at Oakland, California.

Dated:  March 14, 2019



Evelyn Solorzano

# EXHIBIT R



**Superior Court of California, County of Merced**
**CASE MANAGEMENT CONFERENCE**
**FINDINGS AND ORDER**

| | |
|---|---|
| Regina Schindler, et al.<br>vs<br>Merced City School District, et al.<br>18CV-02595<br><u>Date of Hearing:  04/15/2019</u> | 10:00 AM - 12:00 PM<br>Case Management Conference |

Heard By:  Mccabe, Brian
Courtroom Reporter:

Location:   Courtroom 8
Courtroom Clerk:   H. Zychowski
Court Interpreter:
Court Investigator:

**Parties Present:**
Liberty, Micha Star          Attorney
Weakley, James Darvin      Attorney

<u>Future Hearings:</u>
August 19, 2019 10:00 AM Case
Management Conference
McCabe, Brian
Courtroom

<u>Exhibits:</u>

The case is regularly called for hearing:

  - The Court review the case history and inquires of Counsel present for an update status of the case.

  Counsel advises that discovery is still pending.

  Discussion had by Court and parties' present.

  The Court orders:
  Case Management Conference is continued to the above date and time.
  No new Case Management Conference Statements are required unless there is a significant change.

  All parties waive further notice.

  - Parties Present via Court Call; Attorney: Weakley, James Darvin; Attorney: Liberty, Micha Star

# EXHIBIT S

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *~~FOR~~ COURT USE ONLY* |
|---|---|
| Micha Star Liberty (SBN 215687); Leah Simmet (SBN 320096)<br>Liberty Law Office<br>1970 Broadway, Suite 700, Oakland, CA 94612<br>TELEPHONE NO. (510) 645-1000   FAX NO. *(Optional):* (888) 645-2008<br>E-MAIL ADDRESS *(Optional):* team@libertylaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Regina Schindler and Duwayne C. | *NOV 0 7 2019* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C.

DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 18CV-02595 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 19, 2019     Time: 10:00AM     Dept.: 8     Div.:     Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone, by** *(name):* Micha Star Liberty

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff, Regina Schindler and Duwayne C.
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 27, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      Negligence; Negligent Hiring; IIED; NIED; Battery; and Discrimination in violation of the Unruh Act, Bane Act, Educ. Code section 200, the ADA, and the Rehabilitation Act; Violation of Constitutional Rights

---

**CM-110**

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This case arises from the physical and verbal abuse endured by Plaintiff, Duwayne C., by his second grade teacher, on the basis of his disability and disability related behaviors. Although the abuse was reported to Merced City School District by a substitute teacher in Plaintiff's classroom, it was covered up with deliberate indifference toward the discriminatory and abusive conduct that occurred as a result of the District's negligence.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):* 7-10 days
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑  by the attorney or party listed in the caption  ☐  by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                    f.  Fax number:
e.  E-mail address:                                        g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  Referral to judicial arbitration or civil action mediation (if available).
(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| **(1) Mediation** | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| **(6) Other** *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: Regina Schindler and Duwayne C. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV-02595 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motions in Limine, as needed.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | September 2020 |
| Plaintiff | Fact Witness Depositions | October 2020 |
| Plaintiff | Expert Witness Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Regina Schindler and Duwayne C. | CASE NUMBER. |
| DEFENDANT/RESPONDENT: | Merced City School District, et al. | 18CV-02595 |

17 **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case).*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19 **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20 Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required

Date: 8/5/2019

Micha Star Liberty
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

## PROOF OF SERVICE

I declare that I am over eighteen years of age and not a party to this action. My business address is 1970 Broadway, Suite 700, Oakland, California 94612.  On the date indicated below, I caused a true and correct copy of the following document to be served:

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**

The above-listed documents were served by the following means:

☒ **(U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage fully prepaid, for collection and mailing following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **(FACSIMILE)** By agreement of the Parties, a true and correct copy of the above were transmitted to the facsimile numbers listed below from facsimile number (888) 645-2008 during normal business hours.  I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was unsuccessful.

☐ **(VIA E-MAIL)** By transmitting a true courtesy copy of the above to the e-mail addresses listed below I did not receive, within a reasonable period of time, after the transmission, any report or other indication that the transmission was unsuccessful.

☐ **(PERSONAL DELIVERY)** By causing a true copy of the above to be delivered via personal delivery.

The aforementioned document was served on the following interested parties or counsel:

**Attorneys for Defendants:**
James D. Weakley
Ashley N. Torres
WEAKLEY & ARENDT, APC
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
Ashley@walaw-fresno.com

**Attorneys for Defendant Olivia Zarate:**
Derek J. Haynes, Esq.
Porter Scott Attorneys, APC
350 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: 916-929-1481
Facsimile: 916-927-3706
dhaynes@porterscott.com

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct and that this declaration was executed on the date below at Oakland, California.

Dated: August 5, 2019

_____
Alexis DeBose

**EXHIBIT T**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| James D. Weakley, SBN 082853, Ashley N. Reyes, SBN 312120<br>5200 N. Palm Ave., Suite 211<br>Fresno, CA 93704<br>TELEPHONE NO.: (559)221-5256    FAX NO. *(Optional)* (559) 221-5262<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name)* Defendants, Merced City School District | **RECEIVED**<br>AUG 09 2019<br>P ☐ R T ☐ R ⎯ L ☐ C ☐ T T |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21 Street
MAILING ADDRESS: 627 W. 21 Street
CITY AND ZIP CODE: Merced, 95340
BRANCH NAME:

PLAINTIFF/PETITIONER: Duwayne C. et al.

DEFENDANT/RESPONDENT: Merced City School District, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 18CV -02595 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 19, 2019    Time: 10:00 a.m.    Dept.: 8    Div.:    Room:

Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone, by** *(name)*: James D. Weakley

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: MCSD, K.COOPER; V.VILLA; B MEISENHEIMER
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: June 27, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:
      Negligence; Negligent Hiring;IIED;NIED;Discrimination in violation of Unruh Act, Bane Act, Education Code section 200 et seq., the ADA and Rationalization Act; Battery; Violation of Constitutional rights

Page 1 of 5

CM-110

| PLAINTIFF/PETITIONER: Duwayne C. et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV -02595 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that he was physically and verbally abused by his second-grade teacher on the basis of his disability.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6   **Trial date**
a   ☐   The trial has been set for *(date)*:
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number)*. 7-10
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number
e.   E-mail address:
f.   Fax number:
g   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Duwayne C. et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV -02595 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Duwayne C. et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV -02595 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☑ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*
Bifurcation of liability and damages

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motions in limine

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery).*

| Party | Description | Date |
|---|---|---|
| Defendant | Written discovery | April 2020 |
| Defendant | Fact Witness Depositions | May 2020 |
| Defendant | Expert Witness Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Duwayne C. et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Merced City School District, et al. | 18CV -02595 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 08/07/2019

James D. Weakley
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1

**PROOF OF SERVICE**

2    I, the undersigned, hereby certify that I am employed in the County of Fresno, State of

3 California, over the age of eighteen years and not a party to the within action; my business address is 5200 N. Palm Avenue, Suite 211, Fresno, California 93704.

4    On the date set forth below, I placed in a sealed envelope and served a true copy of the within

5

**MERCED CITY SCHOOL DISTRICT'S**
**CASE MANAGEMENT CONFERENCE STATEMENT**

6

7 addressed as follows:

8
9
10
11
12

| Leah Simmet | Derek Haynes |
|---|---|
| LIBERTY LAW | 350 University Avenue, Suite 200 |
| 1970 Broadway, Suite 700 | Sacramento, CA 95825 |
| Oakland, CA 94612 | Phone: (916) 929-1481 ext. 322 |
| Phone:  (510) 645-1000 | Fax: (916) 927-3706 |
| Fax:     (888) 645-2008 | E-mail: dhaynes@porterscott.com |
| E-Mail: team@libertylaw.com | |
| | Attorney for Olivia Zarate |
| Attorneys for Plaintiffs | |

13

14 ☒  BY MAIL  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.

15 Correspondence so collected and processed is deposited in the ordinary course of business.

16    I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

17 ☐  BY HAND  I hand delivered each envelope to the office listed above.

18 ☐  BY FACSIMILE  I served the above-mentioned document from Facsimile Machine

19 No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

20 ☐  BY FEDERAL EXPRESS I  am readily familiar with the business practice at my place of business for collection and processing of correspondence for overnight delivery with Federal

21 Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

22    I declare that I am employed in the office of a member of the bar of this court at whose

23 direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on August 7, 2019.

24

25

26 Prisma N. Valencia

27

28

**EXHIBIT U**

FILED
Merced Superior Court
8/26/2019 12:27 PM
Clerk of the Superior Court
By: Melissa Chavez, Deputy

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Derek J. Haynes, SBN 264621
Barakah M. Amaral, SBN 298726
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
OLIVIA ZARATE (employee of Merced City School District)
*Exempt from Filing Fees Pursuant to Government Code § 6103*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED

REGINA SCHINDLER, an individual,
DUWAYNE C., a minor, by and through his
guardian ad litem REGINA SCHINDLER,

     Plaintiffs,

v.

MERCED CITY SCHOOL DISTRICT,
operating as CHARLES WRIGHT
ELEMENTARY SCHOOL; OLIVIA ZARATE,
an individual employee; KEN COOPER, an
individual employee; VERONICA VILLA, an
individual employee; BRIAN MEISENHEIMER,
an individual employee, DOUG COLLINS, and
DOES 1 through 50, inclusive.

     Defendants.

Case No. 18CV-02595

**ANSWER TO COMPLAINT**

Complaint Filed: 06/27/18

     Defendant OLIVIA ZARATE (hereinafter "Defendant") hereby answers the Complaint filed by Plaintiffs REGINA SCHINDLER, an individual and DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER as follows:

///

///

{02052852.DOCX}

1

ANSWER TO COMPLAINT

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

## I.

## GENERAL DENIAL

Defendant denies generally and specifically each and every allegation of Plaintiffs' Complaint and each and every alleged cause of action therein, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in its entirety, and through each separately stated cause of action, fails to state facts sufficient to constitute any viable cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs and/or third persons are responsible for Plaintiffs' damages due to their international and/or comparative negligence or fault.

### THIRD AFFIRMATIVE DEFENSE

All damages complained of by Plaintiffs were caused by the intervening and/or superseding negligent or intentional conduct of others.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Complaint, if any, and the resultant damages, if any, complained of in the Complaint were directly and proximately caused by the failure, neglect and refusal of Plaintiffs to exercise reasonable diligence and effort to mitigate the damages alleged.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they failed to fully and/or timely exhaust internal administrative remedies and/or judicial remedies available to them.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

///

2

{02052852.DOCX}

ANSWER TO COMPLAINT

This e-copy is the official court record (GC68150)

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, are barred by the doctrines of waiver, collateral estoppel, laches, res judicata and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to the provisions of California Government Code sections 815, 815.2, 815.6, 820.2, 820.4, 820.8, 821, 821.1 and 900 *et seq.*

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by their own careless, negligent and willful conduct or by reason of their legal responsibility for similar such conduct of others, including their agents, all of which proximately caused any damage claimed in this action.

### TENTH AFFIRMATIVE DEFENSE

Persons and entities other than this answering Defendant were themselves comparatively negligent, strictly liable, or otherwise legally responsible for the events and resulting injuries complained of herein and/or were guilty of comparative negligence or fault.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, are barred by the doctrines of express or implied consent.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs did not incur any damage or loss as a result of any act or conduct by answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, to the extent it seeks punitive or exemplary damages, violates Defendant's rights to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they failed to fully comply with the Government Claims

3

{02052852.DOCX}

ANSWER TO COMPLAINT

1  Act, including Government Code § 900 et seq., as required under the Government Code.

2  **FIFTEENTH AFFIRMATIVE DEFENSE**

3      At all times mentioned in the Complaint, Defendant was acting in good faith and is entitled to the

4  good faith qualified immunity.

5  **SIXTEENTH AFFIRMATIVE DEFENSE**

6      Plaintiff DUWAYNE C. provoked the affray and engaged in unlawful conduct, and Defendant

7  used no more than reasonable and necessary force in defense of her or others' persons and property.

8  **SEVENTEENTH AFFIRMATIVE DEFENSE**

9      Defendant was at all times entitled to the legal privileges established pursuant to Education Code

10  section 44807.

11  **EIGHTEENTH AFFIRMATIVE DEFENSE**

12  Plaintiffs' claims are barred and/or limited pursuant to the provisions of C.C.P. § 335.1.

13  **NINTEENTH AFFIRMATIVE DEFENSE**

14  Defendant is entitled to qualified immunity.

15  **III.**

16  **PRAYER**

17      WHEREFORE, Defendant prays for judgment, costs of suit, attorney's fees and any other relief

18  the Court deems just and proper.

19

20

21  Dated:  August 23, 2019              PORTER SCOTT
                                          A PROFESSIONAL CORPORATION

22

23                                        By _____
                                              Derek J. Haynes
24                                            Barakah M. Amaral
                                              Attorneys for Defendant OLIVIA ZARATE
25

26

27

28

4

{02052852.DOCX}

ANSWER TO COMPLAINT

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

**CASE NAME: *Regina Schindler, et al. v. Merced City School District, et al.***
**CASE NO.:     18CV-02595**

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I served the following document:

### ANSWER TO COMPLAINT

| | |
|---|---|
| ✓ | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached |
| | **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below |

Addressed as follows:

| | |
|---|---|
| Micha Star Liberty | James D. Weakley |
| LIBERTY LAW | Michelle E. Sassano |
| 1970 Broadway, Suite 700 | WEAKLEY & ARENDT, LLP |
| Oakland, CA 94612 | 5200 N. Palm Avenue, Suite 211 |
| ***Attorney for Plaintiffs*** | Fresno, CA 93704 |
| | ***Attorney for Defendants MCSD, Ken Cooper, Veronica Villa, Doug Collins and Brian Meisenheimer*** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Sacramento, California on August 23, 2019.

Jasmyn S. Scarlett

5

.

# EXHIBIT V

1  **P O R T E R  |  S C O T T**
2  A PROFESSIONAL CORPORATION
   Derek J. Haynes, SBN 264621
3  Barakah M. Amaral, SBN 298726
   350 University Avenue, Suite 200
4  Sacramento, California 95825
   TEL: 916.929.1481
5  FAX: 916.927.3706

6  Attorneys for Defendant
7  OLIVIA ZARATE (employee of Merced City School District)
   *Exempt from Filing Fees Pursuant to Government Code § 6103*

8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA

10

11  REGINA SCHINDLER, an individual,            Merced County Superior Court Case No.:
    DUWAYNE C., a minor, by and through his     18CV-02595
12  guardian ad litem REGINA SCHINDLER,
                                                **DECLARATION OF JAMES WEAKLEY**
13          Plaintiffs,                         **IN SUPPORT OF NOTICE OF REMOVAL**
                                                **OF CIVIL ACTION TO FEDERAL**
14                                              **COURT UNDER 28 U.S.C SECTION 1441**
    v.
15
    MERCED CITY SCHOOL DISTRICT,
16  operating as CHARLES WRIGHT
    ELEMENTARY SCHOOL; OLIVIA ZARATE,
17  an individual employee; KEN COOPER, an
    individual employee; VERONICA VILLA, an
18  individual employee; BRIAN MEISENHEIMER,
    an individual employee, DOUG COLLINS, and
19
    DOES 1 through 50, inclusive.
20
            Defendants.
21  _____/         Complaint Filed:  06/27/18

22

23

24          I, JAMES WEAKLEY, hereby declare and state:

25          1.      I am attorney with the law firm Weakley & Arendt, attorneys of record for Defendants

26  MERCED   CITY   SCHOOL   DISTRICT,   KEN   COOPER,   VERONICA   VILLA,   BRIAN

27  MEISENHEIMER, and DOUG COLLINS. I am duly licensed to practice law before the courts of the

28  State of California and have been admitted to practice in the United States District Court for the Eastern

                                           1
    {02052826.DOCX}
    DECLARATION OF JAMES WEAKLEY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
                        COURT UNDER 28 U.S.C SECTION 1441

1 District of California.  I have personal knowledge of the facts set forth below and, if called upon to
2 testify regarding the matters contained in this Declaration, I could and would competently do so.
3      2.     MERCED CITY SCHOOL DISTRICT, KEN COOPER, VERONICA VILLA, BRIAN
4 MEISENHEIMER, and DOUG COLLINS are named Defendants in the above-referenced matter. I have
5 authority on behalf of MERCED CITY SCHOOL DISTRICT, KEN COOPER, VERONICA VILLA,
6 BRIAN MEISENHEIMER, and DOUG COLLINS to consent to and join in the removal of this action to
7 this Court.
8      3.     On behalf of MERCED CITY SCHOOL DISTRICT, KEN COOPER, VERONICA
9 VILLA, BRIAN MEISENHEIMER, and DOUG COLLINS I hereby consent to and join in the removal
10 of this action to this Court.
11      I declare under penalty of perjury under the laws of the State of California and the United States
12 of America that the foregoing is true and correct.
13      Executed this \2ᵗʰ day of August, 2019, in Fresno, California.

James Weakley

{C2052826.DOCX}
DECLARATION OF JAMES WEAKLEY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT UNDER 28 U.S.C SECTION 1441

1

**CASE NAME:** *Regina Schindler, et al. v. Merced City School District, et al.*
**CASE NO.:**    18CV-02595

2

3

## **PROOF OF SERVICE**

4

At the time of service, I was over 18 years of age and not a party to this action.  My business

5

address is 350 University Avenue, Suite 200, Sacramento, California 95825.

6

On the date below, I served the following document:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 42 U.S.C. § 1441 (a) (FEDERAL QUESTION JURISDICTION)**

7

8

| ✓ | **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|---|---|
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below.  (1)  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

Addressed as follows:

Micha Star Liberty
LIBERTY LAW
1970 Broadway, Suite 700
Oakland, CA 94612
***Attorney for Plaintiffs***

James D. Weakley
Michelle E. Sassano
WEAKLEY & ARENDT, LLP
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
***Attorney for Defendants MCSD, Ken Cooper, Veronica Villa, Doug Collins and Brian Meisenheimer***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Sacramento, California on August 29, 2019.

     */s/ Jasmyn S. Scarlett*
Jasmyn S. Scarlett

7