UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA SCHINDLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCED CITY SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 1:19-cv-01188-DAD-BAM<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. No. 21) |

Currently before the Court is the request by Plaintiffs Regina Schindler and Duwayne C., by and through his guardian ad litem Regina Schindler, ("Plaintiffs") to seal the parties' Joint Scheduling Report filed on January 2, 2020. (Doc. No. 13.) Defendants Merced City School District, operating as Charles Wright Elementary School, Ken Cooper, Veronica Villa, Brian Meisenheimer, Doug Collins, and Olivia Zarate ("Defendants") were served with a copy of the request and did not submit an opposition. For the reasons that follow, Plaintiffs' request is GRANTED.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard and a "good cause" standard. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The key in determining which standard to apply is "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). The "good cause" standard, which is applicable here, presents a lower burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." *Id.* (quoting *Phillips*, 307 F.3d at 1213).

According to the request,[1] the parties submitted a Joint Scheduling Report on January 2, 2020, which inadvertently included confidential and sensitive settlement communications between the parties on page 13 lines 13 and 14. (*See* Doc. No. 13.) Plaintiffs seek to file a redacted Joint Scheduling Report which excludes the dollar amount of the parties' settlement communication. Plaintiffs have additionally provided a stipulation to the request to seal signed by Defendants. Having considered the request and the documents at issue, the Court concludes that Plaintiffs' have sufficiently shown good cause for maintaining the Joint Scheduling Report filed January 2, 2020 under seal and for filing a Joint Scheduling Report which redacts the settlement communications at issue.

Accordingly, good cause being shown, IT IS HEREBY ORDERED:

---

[1] Local Rule 141(b) directs a party seeking to seal documents to electronically file a "Notice of Request to Seal Documents" and to e-mail a "Request to Seal Documents," proposed order, and all documents covered by the request to the appropriate Judge or Magistrate Judge's proposed order e-mail box. Here, Plaintiffs electronically filed the Request to Seal Documents concurrently with the Notice of Request to Seal Documents. (*See* Doc. No. 21.)

2

1. Plaintiffs' request to seal (Doc. No. 21) is GRANTED;

2. The Clerk of Court is directed to SEAL the Joint Scheduling Report filed on January 2, 2020 (Doc. No. 13); and

3. The parties may file a Joint Scheduling Report which redacts the settlement communications set forth on page 13 lines 13 through 14 as proposed in Exhibit 1 to the request to seal.

IT IS SO ORDERED.

Dated: **February 3, 2020**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE