UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER,<br><br>Plaintiff,<br><br>vs.<br><br>MERCED CITY SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:19-cv-01188-BAM<br><br>**ORDER REGARDING SUPPLEMENTAL BRIEFING ON PLAINTIFF DUWAYNE C.'S PETITION FOR MINOR'S COMPROMISE**<br><br>(Doc. 62)<br><br>**ORDER VACATING HEARING** |

On January 14, 2021, Plaintiff Duwayne C., a minor, by and through his guardian ad litem Regina Schindler, filed a petition for minor's compromise. (Doc. 62.) Defendants did not file an opposition.[1]

**II.    FACTUAL BACKGROUND**

Plaintiff initiated this action on June 27, 2018, in Merced County Superior Court.[2] The complaint alleged multiple claims, including federal claims for relief under 42 U.S.C. § 1983, the

---

[1] This action was reassigned to the docket of United States Magistrate Judge Barbara A. McAuliffe for all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 60.)

[2] At the inception of this action, Regina Schindler proceeded individually and as guardian ad litem on behalf of Duwayne C. Regina Schindler's individual claims were terminated by stipulation of the parties, but she continues to serve as guardian ad litem for Plaintiff Duwayne C. (Doc. Nos. 34, 35.)

1

1  Americans with Disabilities Act, and the Rehabilitation Act, arising out of alleged physical, verbal and
2  psychological abuse of Plaintiff, a special education student, during the 2016-17 school year at Charles
3  Wright Elementary School in the Merced School District.  (Doc. 1, Ex. B.)  On July 5, 2018, the state
4  court appointed Regina Schindler as Plaintiff's guardian ad litem.  (*Id.* at Ex. F.)

5  The matter was removed to this Court on August 29, 2019.  (*Id.*)  On June 15, 2020, the parties
6  participated in a settlement conference before Magistrate Judge Stanley A. Boone, and the case settled.
7  (Docs. 56, 58.)  Plaintiff filed the instant petition for minor's compromise on January 14, 2021, and
8  the matter is set for hearing on February 12, 2021.  (Doc. 62.)

**Terms of Settlement**[3]

The total settlement in this case is $1,000,000.00. (*Id.* at 6.)  According to the petition, $427,709.38 of this amount is apportioned to counsel for Plaintiff, representing $400,000.00 in attorneys' fees (40%) and $27,709.38 in costs.  (*Id.* at n. 2.)  After subtracting for these fees and costs, the net proposed settlement amount to Plaintiff is $572,290.62. (*Id.* at 6.)  This proposed settlement provides, in part, for periodic payments to Plaintiff until he reaches age 35. Ms. Schindler requests the Court's approval of a deferred annuity for Plaintiff. Ms. Schindler has met with independent specialists in the field of structured settlements and has selected a payment schedule that best fits the needs of Plaintiff. Under this schedule, $27,290.62 would be deposited into a blocked account to provide for Plaintiff's therapy and tutoring needs between now and age 18. The remaining $515,000.00 would fund the deferred annuity. Periodic payments would then be made until Plaintiff reaches age 35. (*Id.* at 13.)  The proposed periodic payments payable to Plaintiff are detailed in the Final Structured Settlement Benefits prepared by the specialist who assisted Ms. Schindler, Sage Settlement Consulting.  (Doc. 62-1, Declaration of Micha Star Liberty at ¶ 22, Ex. E.)  The payments will be made by Berkshire Hathaway Life Insurance Company of Nebraska, which is rated A++ Class XV by A.M. Best Company and AA+ by Standard & Poor's.  (*Id.*)  Additionally, Ms. Schindler requests $30,000 from the proposed net settlement to reimburse the full-time special needs homeschooling she provided to Plaintiff during the 2017-18 school year.  (Doc. 62 at 15.)  However, if

---

[3]   Summary of the settlement is based on Plaintiff's petition.  (Doc. 62.)

2

the Court does not approve this reimbursement, then Ms. Schindler requests that the $30,000.00 be added to the amount deposited into the blocked account in Plaintiff's name. (*Id.* at 15-16.)

## III.  DISCUSSION

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). In actions in which the minor is represented by an appointed representative pursuant to appropriate state law, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. Local Rule 202(b)(1). Following such approval, a copy of the order and all supporting and opposing documents filed with the state court shall be filed with this Court. *Id.* The Court may either approve the settlement or compromise without hearing or calendar the matter for hearing. *Id.* In all other actions, the motion for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2).

Having considered the petition and the terms of the settlement, supplemental briefing from Plaintiff is warranted. Local Rule 202(b)(1) requires the settlement or compromise to first be approved by the state court having jurisdiction over the personal representative in actions in which the minor is represented by an appointed representative pursuant to appropriate state law. Here, it appears Regina Schindler was appointed as Plaintiff's guardian ad litem by the state court pursuant to state law, but the petition does not address whether the state court has approved the settlement as may be required by Local Rule 202(b)(1).

## III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file a supplemental brief on or before **February 26, 2021,** addressing the information required by Local Rule 202, including whether the state court has approved the settlement or why such approval is not required here; and

2. The hearing currently set for **February 12, 2021, at 9:00 AM** before the undersigned is

3

1 hereby VACATED. Pursuant to Local Rule 230(g), the Court will take the petition under submission
2 after Plaintiff's supplemental brief is filed. If the Court subsequently determines that a hearing will be
3 necessary following review of the record and briefs on file, a hearing will be set by separate order.

5 IT IS SO ORDERED.

6     Dated: **February 5, 2021**          /s/ *Barbara A. McAuliffe*
7                                                         UNITED STATES MAGISTRATE JUDGE