UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE C., a minor, by and through his guardian ad litem REGINA SCHINDLER,<br><br>Plaintiff,<br><br>vs.<br><br>MERCED CITY SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:19-cv-01188-BAM<br><br>**ORDER GRANTING PLAINTIFF DUWAYNE C.'S AMENDED PETITION FOR MINOR'S COMPROMISE**<br><br>(Doc. 67) |

On May 19, 2021, Plaintiff Duwayne C., a minor, by and through his guardian ad litem Regina Schindler, filed an amended petition for minor's compromise, which includes a state court order approving the compromise. (Doc. 67.) Defendants did not file an opposition.[1] The Court found the matter suitable for decision without oral argument and vacated the June 25, 2021 hearing. (Doc. 71.)

Having considered the amended petition, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, Plaintiff Duwayne C.'s Amended Petition for Minor's Compromise is APPROVED and GRANTED.

---

[1] This action was reassigned to the docket of United States Magistrate Judge Barbara A. McAuliffe for all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 60.)

1

## I. FACTUAL BACKGROUND

Plaintiff initiated this action on June 27, 2018, in Merced County Superior Court.[2] The complaint alleged multiple claims, including federal claims for relief under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. The claims arise out of alleged physical, verbal and psychological abuse of Plaintiff, a special education student, during the 2016-17 school year at Charles Wright Elementary School in the Merced School District. (Doc. 1, Ex. B.) On July 5, 2018, the state court appointed Regina Schindler as Plaintiff's guardian ad litem. (*Id.* at Ex. F.)

The matter was removed to this Court on August 29, 2019. (*Id.*) On June 15, 2020, the parties participated in a settlement conference before Magistrate Judge Stanley A. Boone, and the case settled. (Docs. 56, 58.) Plaintiff filed a petition for minor's compromise on January 14, 2021. (Doc. 62.) Thereafter, the Court ordered supplemental briefing regarding state court approval of the petition for minor's compromise based on the state's appointment of a guardian ad litem. (Doc. 65.) Plaintiff submitted supplemental briefing on February 17, 2021, which indicated that Plaintiff would be seeking state court approval of the petition. (Doc. 66.) On May 19, 2021, Plaintiff filed the instant amended petition for minor's compromise, updating the initial petition filed in this Court and advising that the Merced County Superior Court had approved Plaintiff's state court petition. (Doc. 67.)

**Terms of Settlement**[3]

The total settlement in this case is $1,000,000.00. (*Id.* at 6.) According to the amended petition, $428,134.32 of this amount is apportioned to counsel for Plaintiff, representing $400,000.00 in attorneys' fees (40%) and $28,134.32 in costs. (*Id.* at n. 2.) After subtracting for these fees and costs, the net proposed settlement amount to Plaintiff is $571,865.68. (*Id.* at 6.) Of that amount, $1,650.95 would satisfy a lien that the California Department of Health Care Services has asserted for payments by Medi-Cal for Plaintiff's medical care. The proposed settlement also provides, in part, for periodic payments to Plaintiff until he reaches age 35. Ms. Schindler requests the Court's approval of a

---

[2] At the inception of this action, Regina Schindler proceeded individually and as guardian ad litem on behalf of Duwayne C. Regina Schindler's individual claims were terminated by stipulation of the parties, but she continues to serve as guardian ad litem for Plaintiff Duwayne C. (Docs. 34, 35.)
[3] Summary of the settlement is based on Plaintiff's petition. (Doc. 67.)

deferred annuity for Plaintiff. Ms. Schindler has met with independent specialists in the field of structured settlements and has selected a payment schedule that best fits the needs of Plaintiff. Under this schedule, $25,214.73 would be deposited into a blocked account to provide for Plaintiff's therapy and tutoring needs between now and age 18. $515,000.00 would fund the deferred annuity. Periodic payments would then be made until Plaintiff reaches age 35. (*Id.* at 15.) The proposed periodic payments payable to Plaintiff are detailed in the Final Structured Settlement Benefits prepared by the specialist who assisted Ms. Schindler, Sage Settlement Consulting. (Doc. 67-1, Declaration of Micha Star Liberty at ¶ 22, Ex. E.) The payments will be made by Berkshire Hathaway Life Insurance Company of Nebraska, which is rated A++ Class XV by A.M. Best Company and AA+ by Standard & Poor's. (*Id.* at 15-16.) Additionally, Ms. Schindler requests $30,000 from the proposed net settlement to reimburse the full-time special needs homeschooling she provided to Plaintiff during the 2017-18 school year. However, if the Court does not approve this reimbursement, then Ms. Schindler requests that the $30,000.00 be added to the amount deposited into the blocked account in Plaintiff's name. (*Id.* at 16.)

As discussed, the Merced County Superior Court granted the petition for minor's compromise and approved the settlement in the gross amount of $1,000,000.00. (Doc. 67-1 at 30, Liberty Decl. at ¶ 24, Ex. F.) Specifically, the state court ordered that proceeds of the settlement be disbursed as follows: $400,000.00 in attorney's fees and $28,134.32 in costs to the Liberty Law Office, Inc.; $515,000.00 to fund a structured settlement annuity through Berkshire Hathaway Life Insurance Company of Nebraska; $30,000.00 payable to Regina Schindler; $1,650.95 payable to the Department of Health Care Services to satisfy its lien for Medi-Cal benefits; and $25,214.73 deposited in a blocked account at Chase Bank, 800 West Olive Avenue, Merced, CA 95348. (*Id*. at 30-31.) The state court further directed as follows:

> No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under the case name and number, signed by a judicial officer, and file-stamped by [the] court, until the minor reaches 18 years of age. When the minor reaches 18 years of age, the depository, without further order of [the] court, is authorized and directed to pay by check or draft directly to the former minor, on proper demand, all funds, including interests, deposited under this order. The money on deposit is not subject to escheat.

(*Id.* at 32.)

## III. DISCUSSION

### A. Legal Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). In actions in which the minor is represented by an appointed representative pursuant to appropriate state law, the settlement or compromise must first be approved by the state court having jurisdiction over the personal representative. Local Rule 202(b)(1). Following such approval, a copy of the order and all supporting and opposing documents filed with the state court shall be filed with this Court. *Id.* The Court may either approve the settlement or compromise without hearing or calendar the matter for hearing. *Id.* Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel). Although *Robidoux* expressly limited its holding to cases involving settlement of a minor's federal claims, *Id.* at 1179 n. 2, district courts have applied this rule in the context of a minor's state law claims. *See Sykes v. Shea*, Civ. No. 2:16-2851 WBS GGH, 2018 WL 2335774, at \*1 (E.D. Cal. May 23, 2018) (noting application of *Robidoux* to

state law claims); *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (discussing that "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well"); *see also Lobaton v. Cty. of San Diego*, No. 3: 15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. Jun. 16, 2017) (applying *Robidoux* to evaluation of minor's settlement where district court exercising supplemental jurisdiction over state law claims).

**B. Analysis**

Here, the petition explains that Duwayne C., born in June 2010, is a legally incompetent special needs minor suing through his mother and guardian ad litem, Regina Schindler. Plaintiff asserted twelve causes of action against defendants. During the 2016-2017 school year, Plaintiff was a special education student at Charles Wright Elementary School. Due to disabilities related to his Attention Deficit Hyperactivity Disorder, Plaintiff was eligible for special education services and support pursuant to the Individuals with Disabilities Education Act. During the 2016-2017 school year, the Merced City School District assigned Plaintiff to Defendant Olivia Zarate's second grade special needs classroom. Defendant Zarate allegedly subjected Plaintiff and other special needs students to physical, psychological and verbal abuse. Substitute Instructional Aide Kassandra Castillo allegedly witnessed this ongoing abuse on May 17, 18, and 19, 2017, including Defendant Zarate verbally abusing students, hitting Plaintiff and at least one other student with an open hand in the head, forcibly jerking them in the direction she wanted them to go and pushing a student from a chair onto the floor then forcing him to sit under a table. Ms. Castillo also witnessed Plaintiff and other students cry out in pain, begging Defendant Zarate to stop hurting them. (Doc. 67 at 4.) On May 17, 2017, Ms. Castillo recorded videos of Defendant Zarate grabbing Plaintiff from the scruff of his neck, dragging him from one table to the other, hitting him, and shoving him under a table. Ms. Castillo reported this to Defendant Ken Cooper, School Principal, and Defendant Veronica Villa, School Vice Principal. Defendants Cooper and Villa instructed Ms. Castillo to immediately delete the video, telling her the recording was illegal and she could be arrested. Defendant Cooper informed Ms. Castillo that the police and Child Protective Services would be in contact with her to discuss the incident. Defendants Cooper and Villa failed to notify law enforcement, Child Protective Services or Plaintiff's mother.

Plaintiff's behavior deteriorated dramatically while in Defendant Zarate's class, he began exhibiting new and worsened behaviors, and following the May 17, 2017 abuse, his anxiety and fear of school increased. He was diagnosed with Post-Traumatic Stress Disorder after the abuse. (*Id.*) Plaintiff asserts that the gravamen of his claims is the Defendant District's "authorization and ratification of its employee's abuse of a six-year-old boy as well as the District's and Zarate's discrimination against him due to his ADHD and disability-related behaviors." (*Id.* at 5.) Plaintiff further alleges that Defendant District is vicariously liable for Defendant Zarate's acts, and is liable "for its authorization and ratification of Zarate's abusive acts and for its negligent hiring, supervision and retention of her." (*Id.*) Plaintiff also contends that Defendant District "acted maliciously, fraudulently, and oppressively when it failed to investigate or report complaints of Zarate's abuse of Duwayne C., instead attempting to cover it up by instructing its employee to destroy video evidence of the abuse." (*Id.*)

Plaintiff is represented by Micha Star Liberty of Liberty Law Office, Inc. Counsel was retained in approximately March 2018, and has represented Plaintiff throughout the over two and a half years of this litigation. The contingency retainer agreement with counsel provides for 40% of the recovery. (Doc. 67 at 10; Doc. 67-1 at 102.) Liberty Law advanced all costs in connection with this action without receiving or expecting compensation absent recovery and bore the entire risk of loss by agreeing to a contingency fee arrangement. (Doc. 67 at 11; *see also* Doc. 67-1, Liberty Decl. at ¶ 17.) The case was referred to Liberty Law by Plaintiff's former counsel after Plaintiff's amended government claim was rejected by the District. (Doc. 67-1, Liberty Decl. at ¶ 4.) There is no indication that Liberty Law has received any compensation for services to date. (*Id.* at ¶ 20 ["my office seeks to be compensated for the considerable time and opportunity cost involved in representing Duwayne C."].)

As noted above, the settlement amount was reached after a settlement conference with the Court. Plaintiff contends that the settlement amount is fair and reasonable. The total settlement is $1,000,000.00, with $428,134.32 apportioned to counsel for Plaintiff for fees and costs, $1,650.95 to satisfy a California Department of Health Care Services lien, $25,214.73 deposited into a blocked account to provide for Plaintiff's therapy and tutoring needs between now and age 18, $515,000.00 to fund a deferred annuity, and $30,000.00 payable to Regina Schindler.

On April 8, 2021, the state court approved Plaintiff's petition for minor's compromise. (Doc. 67-1, Ex. F to Liberty Decl.) Having considered the petition and relevant state court documents, the Court finds that the total settlement amount of $1,000,000.00, and the distribution of $25,214.73 to Plaintiff and $515,000.00 to fund a deferred annuity for Plaintiff to be fair and reasonable in light of the facts of the case and the minor's specific claims. Additionally, the state court has ordered the settlement funds of $25,214.73 payable to Plaintiff be deposited into a blocked account at Chase Bank, in Merced, CA and has precluded withdrawals of principal or interest from the blocked account without a further written order by the state court. (Doc. 67-1 at 32, Ex. F.) The state court also directed $515,000.00 to fund a structured settlement annuity through Berkshire Hathaway Life Insurance Company of Nebraska. (*Id.* at 31.) Thus, the method of disbursement of the settlement likewise appears fair and reasonable. Accordingly, the Court will approve the petition.

### III.     CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.    Plaintiff's petition for approval of minor's compromise (Doc. 67) is GRANTED, and the terms of the settlement, including payment of attorneys' fees and costs, the medical lien and payment to Regina Schindler, be APPROVED as fair and reasonable; and

2.    Within thirty (30) days of entry of this Order, Plaintiff is directed to file with this Court proof of deposit of the $25,214.73 distribution to Duwayne C. in a blocked account at Chase Bank, 800 West Olive Avenue, Merced, CA 95348, and proof of funding of a structured settlement annuity for Duwayne C. through Berkshire Hathaway Life Insurance Company of Nebraska in the amount of $515,000.00. If Plaintiff requires additional time to submit such proof, then a request for an extension of time should promptly be filed for the Court's consideration; and

3.    The parties are directed to file appropriate papers to dismiss or conclude this action in its entirety within twenty-one (21) days of submission of proof of deposit and proof of funding of the structured settlement annuity.

IT IS SO ORDERED.

Dated: **June 23, 2021**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE